The opinion of the court was delivered by
Gibson, J.
The original act of 1729 — 30, provides, that the estate of the insolvent debtor shall be vested in the assignees by the mere act of executing the assignment; and álthough this provision is not repeated in the act of 1798, under which the proceedings before us took place, there can be little doubt that the variance, in this particular, from the original act, was accidental. On executing the assignment, the person of the insolvent debtor is discharged ; and this is in consideration of his having surrendered his estate to his creditors. But if the estate should not vest in the assignees by the mere act of executing the conveyance, it would necessarily remain in the debtor himself, wherever the assignees should refuse to accept of the trust; and thus the debtor would have all the benefit intended to be extended to him, without the creditors having the benefit of the security intended to be provided for them, as the debtor might, the next moment, dispose of his effects in a way which would put them beyond their reach. It must be' obvious, therefore, that it would be inconsistent with the security of the creditors, which we must suppose to have been a cardinal object with the legislature, to treat the assent of the assignees to the grant, as a circumstance in anywise material. In all the cases cited, the grantee was beneficially interested; but here, independently of their interest as .creditors, the assignees had no interest in the trust, they were merely the instruments of the court in passing the estate to the creditors. Of what importance then can their, assent be to the efficacy of the assignment? If, in consequence of the assignees having neglected to execute the requisite bond, and enter upon the execution of the trust, the title did not vest in them, it has consequently remained all the while in the debtor or his heirs, and thus been subject to his disposition for a period of twenty-three years: a proposition too extravagant to be seriously urged. *439 By the assignment, therefore, it is clear, that the legal estate passed to the assignees; and it is equally clear, that by their conveyance, it passed to the plaintiffs, subject to the trusts declared in the original assignment; which is all that is necessary to enable them to support this ejectment. This being the only point in the defence, relied on, the plaintiffs are entitled to judgment.
Judgment'for plaintiffs.