The opinion of the court was delivered by
Duscan, J.
The only question is, whether payment to an insolvent debtor the day after his discharge and assignment, be good. The property of an insolvent debtor passes to the trustee immediately on the assignment, at the moment of assignment. Lessee of Willis v. Row, 3 Yeates, 520. In the assignment of bonds, payment before notice to the obligor, of the assignment by the obligee, is good. The assignment operates as a new contract between the obligor and assignee, commencing upon notice of the assignment. Bury, Assignee of Binkley, v. Hartman, 4 Serg. & Rawle, 176. Jones v. Witter, 13 Mass. Rep. 307. In bankruptcy, by Stat. 13 Eliz. c. 7, s. 1, 2, property in the bhnkrupt vested in the commissioners, from the time of an act- of bankruptcy committed; and payments made by a debtor to a bankrupt, after a secret act of bankruptcy, would, under the statute, have been void. The injustice of this relation was so apparent, that Parliament, By the Stat. *120 1 Jac. 1, c. 15, s. 14, made such payments, until notice of the act of bankruptcy, good; but still left payments, after commission issued, as-they stood under the statute. of Elisabeth. This difference between payments after act of bankruptcy committed, and after commission issued, has always prevailed. In Hitchcock et al. v. Sedgwick et al., 2 Vern. 162, it was decided, that every one was bound to take notice of a commission of bankruptcy when taken out; for that there was a difference where a man divested himself of his estate by his own act, and where it was taken out of him by act of parliament, whereunto all persons are supposed to be parties, and are concluded by it. In Collet v. De Gols and Ward, Cas. Temp. Talb. 69, the Lord Chancellor said, “ A commission is a public act, of which all are bound to take notice, but an act of bankruptcy may be so secret as to be impossible to be known.” The assignment may be well considered in the same light as a commission in bankruptcy, which is in the nature of an execution for all the creditors. Ex parte Stokes, 7 Ves., jr., 408.
No doubt the payment in this case was a payment made without actual notice; and it is a hardship on the defendant; but the mischief would be intolerable, if the insolvent debtor the day after his assignment could go round to his debtors, receive payment, and that payment be good unless individual notice was given to each of the debtors. This divestment of his debt was by positive law, and the assignment a notorious judicial act, of which all the world was bound to take notice. It is constructive legal notice, and as binding to every intent as actual notice to the individual.
Judgment reversed, and judgment entered for the plaintiff'.