## Power *against* Hollman.

The trustee of an insolvent debtor cannot sustain an action in right of the insolvent without having first given bond; nor can an insolvent debtor who has made a general assignment of his property maintain suit upon a cause of action which accrued previously to the assignment.

An insolvent debtor, who has made a general assignment of his property, upon proof of the payment of all the debts due by him at the time of his discharge, may maintain an ejectment in his own name, for land assigned by him, without a formal re-assignment.

A legal presumption of the payment of the debts of an insolvent debtor arises from lapse of time, although the assignees named by the court never accepted the trust; and such presumption also arises in favour of a grantee of an insolvent.

The fact of a person being named and appointed an assignee of an insolvent by the court, but who never accepted or gave bond, will not prevent him from becoming a purchaser of land from the insolvent: he is in no worse situation than any other creditor, and may purchase from the insolvent his resulting interest.

ERROR to the common pleas of *Perry* county.

Ejectment for a tract of land in Tyrone township, by William

[Power v. Hollman.]

Power against C. Hollman. The plaintiff gave in evidence an application by Michael Kinsloe, a warrant and survey of the land in dispute, and a deed, dated 6th of April 1811, by Michael Kinsloe to William Power.

The defendant gave in evidence, the petition of Michael Kinsloe for the benefit of the insolvent laws, which contained a list of his creditors, a schedule of his property, including the land in dispute, the appointment by the court of S. Rhine and William Power, the present plaintiff, to be his assignees, and his discharge on the 4th of July 1810. It did not appear that the assignees had ever accepted the appointment.

The plaintiff then gave evidence of the payment by Kinsloe and by Power, after he purchased, of several of the debts mentioned in the list, and relied upon the presumption from lapse of time, that all were paid.

The court below instructed the jury that the plaintiff could not recover, on the ground, that while the assignment was in full force, and before any of the debts were paid, Power, who was appointed an assignee, could not accept a deed from Kinsloe transferring this land to him in his own right. This was the subject of the error assigned.

*Creigh* and *Carothers*, for plaintiff in error, cited, Jackson v. Walsh, 14 *Johns. Rep.* 407; Jackson v. Van Dalfsen, 5 *Johns. Rep.* 43; 4 *Dess. Rep.* 48; *Sug. Vend.* 399; Huston v. Hamilton, 2 *Binn.* 393; *Powell on Con.* 69; Ross et al. v. M'Junkin, 14 *Serg. & Rawle* 369; Immel v. Stoever, 1 *Penns. Rep.* 262; *Sug. Vend.* 422; Snyder and another v. Croy, 2 *Johns. Rep.* 227; Hunt v. Crawford, 3 *Penns. Rep.* 427.

*Alexander*, for defendant in error, cited, 8 *Ves.* 345; 9 *Ves. Jun.* 246; 10 *Ves.* 385, 394; 3 *Merivale* 200; *Cooper's Eq. Rep.* 140; Kennedy v. Ferris, 5 *Serg. & Rawle* 397; Wickersham v. Nicholson, 14 *Serg. & Rawle* 118; Gray v. Hill, 10 *Serg. & Rawle* 436; Stoever v. Stoever, 9 *Serg. & Rawle* 434; Young v. Willing, 2 *Dall.* 276; Teetor v. Robinson, 7 *Serg. & Rawle* 182.

The opinion of the court was delivered by

Rogers, J.—The trustees of an insolvent debtor cannot sustain an action in right of the insolvent without having first given bond. Stoever v. Stoever, 1 *Penns. Rep.* 262; Lessee of Willis v. Rowe, 3 *Yeates* 520. These authorities show that the plaintiff cannot sustain this suit as a trustee, nor do I understand that he seeks a recovery in that right; he claims title as the grantee of Kinsloe, under the deed of the 6th of April 1811. Kinsloe took the benefit of the insolvent law in 1810; and, in his schedule, returned a list of his creditors; and on the 4th of July 1810 assigned his property for their use to William Power and S. Rhine. There is no evidence

[Power v. Hollman.]

that either of the trustees accepted the trust, that they ever did any act under the assignment, or that they ever intermeddled in any way with the property, in the character of trustees.   On the 6th of April 1811, Kinsloe conveyed the property in dispute, by deed, for the consideration of 110 dollars, to William Power, the present plaintiff.   It was agreed that Power should pay the debts of Kinsloe. That would appear, at least, to have been one object of the arrangement.   The court of common pleas charged the jury, that although they were not prepared to say the deed was absolutely void, yet they instruct the jury that Power could not purchase the estate of Kinsloe, which was the subject of the assignment, before the debts were paid, or the trust executed, so as to put the creditors in a worse situation than they otherwise were.   Without examining the abstract proposition, or inquiring how far sound policy will admit of a purchase by a trustee who has entered upon his trust from the insolvent, as creating a relation hostile to the rights of creditors; we are of the opinion that Power does not stand in such a situation in regard to Kinsloe and the other creditors, as to prevent him from purchasing Kinsloe's resulting interest.   It must be noted that there are no other grounds for saying that Power was the trustee, except that his name is mentioned in the deed of assignment.   It is of ordinary occurrence that the names of creditors are inserted as trustees, without their consent, and that nothing further is done in respect to the property mentioned in the assignment; particularly when the value is trifling in comparison with the amount of debts.   It also happens, in the greater number of instances, that the trustees do not give bond. Few persons will devote their time to the service of others, and give security for that purpose, when the prospect of attaining payment of the debts is very small and remote.   In some cases they are not even aware that their names have been used for that purpose.   We can see then nothing in the circumstances which can prevent Power from purchasing the interest of Kinsloe :  he stands *in no other* relation to him than that of creditor.   Nor have the other creditors a right to complain.   They may, if they are so disposed, apply to the court, who, on a proper application, will appoint other trustees in the place of those who have refused to act, or who have neglected to qualify themselves to act by giving bonds for the faithful performance of the trust.   It would be a harsh rule, without the consent of Power, for the court to put him in a different situation from other creditors.   I would not wish to be understood as interfering with the principle of the cases of Gray et al. *v.* Hill, 10 *Serg. & Rawle* 436, or Nicholson *v.* Wickersham, 14 *Serg. & Rawle* 118.   By an assignment, under the insolvent laws, the debtor's estate in land passes to the trustees, though their assent does not appear.   This principle is necessary for the security of creditors; for unless the estate passes, by the act of executing the conveyance, it would necessarily remain in the debtor himself, who might, the next moment, and before the assent of the trustees could be procured, put the property beyond

their reach. The trustees are the mere instruments of the court in passing the estate to the creditors. Although this be so (and the soundness of the decision on this point cannot be doubted), yet we cannot perceive the justice or the policy of extending the principle so far as to interfere with the acknowledged right of Power, as a creditor, to purchase the interest which remains in the debtor, after the assignment, subject to the rights of other creditors. In every aspect in which this case can be considered, Power cannot be viewed in a worse situation than a nominal trustee, who is not prevented from purchasing trust property. *Sug.* 422; Wilkes *v.* Fenn, 5 *Johns. Rep.* 344; Jackson *v.* West, 14 *Johns. Rep.* 407.

An insolvent debtor, who has made a general assignment of his property, cannot maintain suit when the cause of action accrued previously to the assignment. Young *v.* Willing et al., 2 *Dall.* 276. A person discharged as an insolvent debtor, upon assigning all his property to trustees, cannot support an ejectment for land, though his trustees have not given bond pursuant to the act of the 4th of April 1798. Willis *v.* Rowe, 3 *Yeates* 520; Stoever *v.* Stoever, 9 *Serg. & Rawle* 455. As Kinsloe could not sustain suit, neither can his vendee; for by the deed of the 6th of April, he becomes clothed with all the rights of the grantor, but nothing more. Power stands in the place of Kinsloe, as the owner of the residuary interest, after payment of debts. To entitle him to recover, he must show in addition, that the debts have been paid. And when this has been done, the insolvent or his vendee may maintain ejectment without a formal re-assignment; for in Pennsylvania, a plaintiff may maintain ejectment, on an equitable title, and no plaintiff can be non-suited for a title outstanding in his own trustee.

As this case goes back for another trial, it will be an important question of fact for the jury to decide, whether the debts have been paid. For the purpose of proving this fact, the plaintiff calls to his aid the doctrine of presumption. The court of common pleas ruled, that the presumption of payment will not operate in favour of the trustees, or Mr Power claiming adverse to it. By the assignment, the estate passed to the trustees, and no delay or omission to settle, or account, or pay the debts, would operate as a bar to the claims of the creditors. The estate and claims, says the judge, are in the custody of the law, and such trusts are not within the operation of the statute of limitations. That these claims would not be barred by the act of limitations may be admitted, but we cannot agree that lapse of time will not raise a presumption of payment. If the trust had been accepted, and bonds given, it would certainly be a fair presumption that those who had debts against the estate had presented them for payment, and that their claims had been liquidated. But here no proceedings were had, no steps were taken by the creditors in relation to the fund; hence, the presumption arises that the debts have been paid, or that some satisfactory arrangement has been made either by Kinsloe or his vendee, who have an interest in

[Power v. Hollman.]

extinguishing the liens against the estate. Indeed, it was in proof that Power paid part of the debts, and that Kinsloe paid some after the assignment.

The court said, that this would have been the law, if Kinsloe had been the plaintiff. After the assignment he retained an interest, and if he waited for a considerable length of time, and the creditors did not proceed, he should be restored to his estate ; in such a case, after such a lapse of time as occurred in this case, the debts would be presumed to have been paid. In this view of the case we concur, but we are further of opinion, that the plaintiff comes within the operation of the same principle. By the conveyance, he succeeds to all the rights of the vendor ; and is entitled to the benefit of all the presumptions arising from length of time. The doctrine of presumption is very extensive in its application ; the computation runs from the period when the money is demandable. Sechrist *v.* Sechrist, 1 *Penns. Rep.* 420. The presumption would not be destroyed by the fact that the trustees were not called on to settle their accounts. This would rather add to the presumption, because it is difficult to account for the acquiescence of the creditors, except by the natural presumption that they had been paid, or that some satisfactory arrangement has been made with them by the owner of the resulting interest.

Judgment reversed, and a *venire de novo* awarded.