By the Court:
 

 HARRINGTON',
 
 Justice.
 

 The plaintiff in ejectment must recover on the strength of his own title. There can be no weighing of titles between him and the defendant, whose possession is good enough for' him until the plaintiff shows a valid legal title in himself. This is the general rule and has been regarded as the settled law of this State, but it is insisted for the plaintiff that it is not applicable to the case of a party in possession without any color of title, who is to be regarded as a mere trespasser. Several cases have been cited to this effect, and there may be good policy in thus qualifying the gene-
 

 principle which protects a possessory title, but the qualification has not heretofore been admitted in this State, and it seems to be against the principles of the common law. At all events, we do not feel at liberty to apply it to the case of a defendant who is in peaceably under another by purchase, and has a possession of as long standing as in this case.
 

 The question is, whether the plaintiff has shown a valid legal title in himself. Independently of the assignment in the insolvent court he has, for he shows a possession of those under whom he claims, originating, to be sure, in a mere equitable title, but of such duration as gives it the validity of a legal title; being more than twenty years.
 

 We are then to consider the effect of the" insolvent assignment.
 

 The act of assembly declares, that such a deed of assignment shall pass to and vest in the trustees all the property and estate of the petitioner at the time of executing the same, real and personal, and the trustees shall take possession of the same, and sell and convey it for the purposes of the trust: and the proceeds shall be applied to the layment of such claims as shall be exhibited to the trustees within K»ne year; and the overplus, if any, shall be returned to the petitioner.
 

 The plaintiff insists that this deed of assignment shall not be held Bvalid to establish a legal title to the premises in these trustees, after Rhis lapse of time and under the circumstances of this case, so as to Birevent his recovering the land, claiming under a subsequent deed Erom the insolvent; 1st. because the trustees never accepted or acted Binder the trust; no debts have been proved within the year, and there Bs nothing now for the trust to operate upon, and all the debts re
 
 *536
 
 turned in the schedule, but one, have been otherwise paid: 2d. that the plaintiff is a purchaser for a valuable consideration, without notice of the assignment, which has never been recorded in the county where the lands lie: 3d. that the objects of the assignment never having been acted on, and being now impossible, the assignment itself is inoperative for any purpose; at least that public policy, as in the case of an outstanding mortgage, will not allow a third person to set up such a title in ejectment to defeat the title of the assignee or mortgagor.
 

 In general no person can be a trustee unless he accept the trust, and take a vested interest in the subject of it,
 
 (Willis on Trustees, 33, 9 Law Lib.;)
 
 but the estate vests in trustees under the insolvent law by the mere act of assignment; and their refusal to accept, though it may create the ftecessity of appointing others, cannot divest the estate or deprive the creditors of their interest in it. This results from, the nature and objects of their appointment. They are not trustees with an interest, but with a mere authority; the agents of the law for distributing the insolvent’s assets, and the depository of the legal title to all his lands, which must necessarily be divested out of him, before he is entitled to his discharge. No act of the trustees is necessary to the vesting of the land; and their refusal to accept the trust cannot divest it.
 
 (Ingraham on Insolvency,
 
 220;
 
 Gray
 
 vs.
 
 Hill,
 
 10
 
 Serg.
 
 &
 
 Rawle,
 
 436; 13
 
 Eng. Com. Law Rep.
 
 466; 4
 
 Bing.
 
 348,
 
 Doe dem. Palmer
 
 vs.
 
 Andrews.)
 

 The act of assembly
 
 (Dig.
 
 310,) makes this assignment a record of the court in which it is executed, and expressly gives to it the effect of a deed to transfer title. Neither that actnor any other law of the State requires, nor even authorizes, it to be recorded in the recorder’s office; and though the law may be defective on this subject/and titles may be endangered,yet this is a consideration for the legislature, and not for us. As a public record it is notice to the world of the assignment of the title, In Pennsylvania, since the case of
 
 Gray
 
 vs.
 
 Hill,
 
 the legislature has provided, that although the legal title vests in the trustees by the as signment, yet that a purchase from the insolvent of real estate situate in any other county, made bona fide and for a valuable consideration, and without notice, before the recording the assignment k such county, shall be good notwithstanding the assignment.
 
 (M‘Kin Dig.
 
 467.) Such a provision would be a very proper one in out law, but we do not think it competent for this court to supply it bj a construction of the law.
 

 
 *537
 
 The only l’emaining question is, whether the title still remains in the^ trustees, where it was placed by the assignment. The object of the law in vesting the title in them is for the purpose of sale and conveyance by them,’ there is no reverting or resulting of the title to the insolvent contemplated by the purposes of the ract, and no provision made for any other contingency than that of a sale. There can be no doubt that all the title of Wm. Kennedy passed to the assignees by his assignment in the insolvent court, and the purpose of that assignment could be executed only by a sale and transfer of the title to others; no interest remained in the insolvent, for it was only on his parting with all his interest that he obtained his discharge; there was nothing therefore, which in contemplation of law and by the act of the law could remain in or revert to the insolvent, after the purposes of the trust were executed, except the overplus of proceeds of sale which is to be returned to him by the trustees under the provisions of the insolvent law. And in case the debts are paid, or the purposes of the trust answered, otherwise than by a sale of the land, we do not see how that of itself, without any act of the trustees of reconveyance, and there being no provision to that effect in the insolvent law — we do not see how that can revest the title to the land in the insolvent. It is not like the cases cited from 1
 
 Barn.
 
 &
 
 Cres.
 
 342, and 5
 
 East
 
 171, where the question was not whether a fee vested in trustees for purposes requiring a fee was to be divested and returned to the grantor on the execution or expiration of the trust; but whether, the purposes of the trust requiring less than the fee simple, the construction should not be that the trustees took but i chattel interest, or an interest commensurate with the purposes of be trust, and leaving the remainder, that is the legal title, to vest in be "devisee over so soon as the trusts were satisfied. The question n the latter case is stated to be whether the trustees took an estate n fee or a chattel interest; and whether, after the trusts were satis-ied, the devises over could not take effect
 
 as legal limitations.
 
 And he decision was, that where the trusts could be answered by a less ¡state than a fee simple, a greater interest than was sufficient to tnswer that purpose should not pass to them; but that the uses in •emainder limited on such lesser estate so given to the trustees, should
 
 ie executed by the statute of uses as legal limitations.
 
 The present ¡ase presents no questions of that kind. The assignment to the trus-ees conveyed the fee simple. Apart from the act of assembly, such . transfer would have that effect, for a conveyance to trustees for
 
 *538
 
 purposes requiring a fee will carry the fee; but the act of assembly is express that the deed of assignment shall pass to and vest in the trustees all the property and estate of the insolvent at the time of executing the same; with power to
 
 sell and convey
 
 the same.
 

 W. FI. Rogers
 
 and
 
 J M.
 
 Clayton, for plaintiff.
 

 Rodney
 
 and Frame, for defendant.
 

 The legal title to these premises being thus out of Wm. Kennedy
 
 by his deed
 
 of assignment, that title could not be restored to him, or reinvested in him, otherwise than by the act of the trustees, or of this or some other court annulling the assignment, or ordering a reassignment. We know of no principle upon which it can be construed to be reinvested in him, except that a jury might presume a recon-veyance after a sufficient lapse of time, if such presumption were not rebutted, as it has been in this case.
 

 The title of the lessor of the plaintiff then fails. He took nothing by the deed of Mr. Kennedy, for Kennedy had, at that time, nothing to convey. And this is a sufficient defence in the action of ejectment, where the plaintiff must recover on the strength of his own title. »
 

 It is true, that our courts have refused to permit a defendant in ejectment to set up an outstanding title in a mortgagee, but this is by force of the act óf assembly, which regards a mortgage merely as a security for the payment of money, and not as a conveyance of the land. Though a conveyance in form, it is nothing more than a
 
 lien
 
 on the land, and not even a lien until it is recorded. The lane may be still executed and sold as the property of the mortgagor, sub ject to the mortgage lien; and it cannot be taken as the property o: the mortgagee. Considering it thus in regard to third persons as nc conveyance of the legal title to the land, this court has properly hek that it was no bar to the suit of a person deriving title under th< mortgagor and claiming the land from a stranger. But even in tha case, I apprehend it would be a bar in England, and a reconveyanct would be necessary to revest the title in the mortgagor.
 

 Verdict and judgment for defendant.