[King's Executor *v.* Coulter's Executor.]

# King's Executor *versus* Coulter's Executor.

1. Legal presumption of payment of a sealed instrument, arises in twenty years, and not before.

2. If evidence be offered, which in the judgment of the court will, in connection with the lapse of time, reasonably tend to convince the jury, that a sealed debt has been paid, short of twenty years, or that it has not been paid, notwithstanding that period, it is the duty of the court to receive it, and to submit it to the jury, with such instruction as shall enable them to estimate it at what it is really worth.

3. The Statute of Limitations is a rule of evidence, as well as a bar to a recovery, and operates against a simple contract debt after six years, whether it be sued upon, or come in by way of set-off.

ERROR to the Court of Common Pleas of *Westmoreland county*.

This was an action of debt on a sealed note from King to Coulter, for $100, dated April 4, 1837, payable sixty days after date. Plea, payment. Replication, *non-solvit*, and issue.

William H. King, plaintiff in error's testator, at the date of the note, was a merchant, doing business in Greensburgh, where his uncle, Richard Coulter, also resided. The execution of the note to Mr. Coulter was not denied. Mr. Coulter had an account in the store of Mr. King, and the books exhibited that account running from 1836, till March 12, 1839, with certain credits entered between January 17, 1837, and 23d October, 1837. At the time the account closed, the amount of the book account exceeded the amount of the note. Mr. King always resided in the immediate neighborhood of Judge Coulter, from the time he closed business as a merchant, till Judge Coulter died, and, during all that period, was well able to pay. Nothing was done in the life-time of either of the parties, in relation either to the account or the note. Mr. King died some time after Judge Coulter, when this suit was brought to recover the amount of the note in the name of Coulter's executor, after fifteen or sixteen years had elapsed from its date.

Defendant's counsel offered the book of original entry, in evidence, to show payment of the note, which was rejected by the court, and an exception sealed.

It was then offered again, on the ground, that the jury would have the right to presume, after a lapse of sixteen years, that it was the understanding and agreement of the parties, that the account should be a payment of the note ; it was again rejected and an exception sealed.

The defendant's counsel then entered a plea of set-off, to which the plaintiff's counsel replied the Statute of Limitation. The court

admitted the book, and charged the jury, that the Statute of Limitations was a bar to the set-off claimed, which charge was also excepted to.

The court, BURRILL, P., charged the jury as follows :—That the items of the defendant's account being all over six years old, at the bringing of the suit, were barred by the statute, and that plaintiff should recover the amount of his note and interest.

Defendant took this writ, and assigns the following errors.

1. The court erred in rejecting the offer of the book of original entries, by defendant's counsel, in their first offer.

2. The court erred in refusing to admit the book in evidence, and submitting the question of the presumption of payment to the jury, or allowing the jury to presume an agreement between the parties, that the account was an extinguishment of the note.

3. The court erred in charging the jury, that the defendant's book account, offered as a set-off, was barred by the Statute of Limitations, and that the plaintiff should recover the amount of his note, with interest.

*Foster*, for plaintiff in error, referred to *Commonwealth* v. *Clarkson's Adm'r*, 1 R. 291; *Crist* v. *Brindle*, 2 Id. 121; *Murray* v. *Williamson*, 3 Binn. 135; *Hinkley* v. *Walters*, 8 W. 260; *Carmalt* v. *Post*, 8 Watts, 406.

Under the plea of payment, the defendant offered in evidence the book of original entry, kept by his testator, who was a merchant. The court rejected the evidence offered, which constituted one of the errors assigned. The court was asked, to admit the evidence in connection with evidence, that during all the time, from the date of the note, till his death, the defendant's testator was well able to pay all his debts, and resided all the time in the neighborhood of the plaintiff's testator. This evidence was offered to raise a presumption of payment. The ground of the rejection of the evidence by the court was, that the presumption of payment would not arise, until after the lapse of twenty years, from the time it became payable. The law I apprehend is not so. After twenty years the jury will be bound to presume the payment of debts of every description, without the aid of any circumstance tending to show actual payment, unless the presumption is successfully rebutted.

The defendant contended further, that under the plea of set-off, he had a right under the Defalcation Act of 1705, to set off his book account against the note, and for this purpose the account was received in evidence, when the plaintiff interposed the plea of the Statute of Limitations, which the court charged the jury, defeated our right to set off the account, inasmuch as more than six years had elapsed from the time the account was con-

tracted, till the suit was brought on the note. We contend, however, that the note was extinguished at the time the book account was contracted. The set-off claimed is in the nature of a cross demand, and comes within the letter of the Defalcation Act. The demands here are mutual, and by operation of the statute extinguish each other.

*Cowan*, for defendant in error.—In this case the attempt was made in the first instance, to get in a *counter claim* on the part of defendant, *as one of the circumstances* calculated to assist a jury in arriving at a presumption of payment, after a lapse of only fifteen years, between the maturity of the note, and the impetration of the writ in this suit; but the court refused the offer, it being but a set-off in disguise, to avoid the effect of the Statute of Limitations, and if admitted for the purpose intended, would of course have opened the door for other counter claims on the part of plaintiff; have involved the case in the same difficulty as to allow a set-off to be replied to a set-off, and so complicate it, as to lose sight of the issues altogether.   *Urlich* v. *Berger*, 4 W. & S. 19.

Extinguishment must be by act of the parties, and not by force of the law; and if Judge Coulter had sued King in 1840, and obtained judgment for the amount of this note, he could not afterwards allege, when King sued him for the book account, that the latter had been extinguished from its juxtaposition with the note, and that not being offered in evidence at the time the note was sued, it is now lost; such, however is the corollary of the reasoning of the plaintiff in error here.

The opinion of the court was delivered December 15, 1853, by

WOODWARD, J.—It was fifteen years, four months, and twenty-five days, after the sealed note of the plaintiff's testator matured, before this action was instituted for its recovery. No legal presumption of payment, such as, unrebutted, the court would be bound to declare as a conclusion of law, arose in that time, for the authorities all agree in fixing twenty years, from analogy to the English Statute of Limitations, concerning real estate, as the period necessary to such a presumption. But the question is, whether the time that did elapse, was competent, in connection with such circumstances as were offered, to go to the jury, as ground for *their* presuming payment of the note. What were the circumstances? That William H. King, the defendant's testator, at the date of the note, was a merchant, residing and doing business in Greensburgh, where his uncle, Judge Coulter, the plaintiff's testator, also resided; that Judge Coulter had a running account in the store of Mr. King, from

1836, till March 12, 1839, with credits from January 17, 1837, to Oct. 23, 1837, one of which was on March 31, 1837, for $100; that when the book account closed, the amount of it exceeded the amount due on the note; that Mr. King resided in the immediate neighborhood of Judge Coulter, from the time he closed business as a merchant, till Judge Coulter died, and during all that time was able to pay his debts; and that he died sometime after Judge Coulter.

In the case of the *Mayor of Kingston* v. *Horner*, 1 Cow. 102, Lord Mansfield used the following language: "All evidence, is according to the subject-matter to which it is applied. There is a great difference between *length of time* which operates as a bar to a claim, and that which is only used *by way of evidence.* A jury is concluded by length of time, that operates as a *bar*, as where the Statute of Limitations is pleaded in bar to a debt; though the jury is satisfied that the debt is due and unpaid, it is still a bar. But length of time used merely by way of evidence, may be left to the jury to be credited or not, and to draw their inferences one way or the other, according to circumstances. For instance, there is no Statute of Limitations that bars an action on a bond, but there is a time when a jury may presume the debt to be discharged; as where no interest appears to have been paid for sixteen years. But if a witness is produced to prove the contrary, as by showing the party not to have been in circumstances to pay, or a recent acknowledgment of the debt, the jury must say the contrary." More accurate, and more to our present purpose, are the words of Chief Justice Gibson, in *Henderson* v. *Lewis*, 9 S. & R. 384, where, after speaking of the rule of twenty years, as in the nature of a Statute of Limitations, furnishing indeed, not a legal bar, but a presumption of facts, though less than conclusive, yet *prima facie* evidence of it, he says: "When less than twenty years has intervened, no legal presumption arises, and the case not being within the rule, is determined on all circumstances, among which the actual lapse of time, as it is of greater or less extent, will have a greater or less operation." And again, "the presumption, (from twenty years,) is not subject to the discretion of the jury. They are bound, where it operates at all, to adopt it as satisfactory proof, till the contrary be made out, and hence, when we hear of less than twenty years being left to the jury, it must be understood as being in connection with other circumstances, and not as making out the defendant's case in the first instance, but as going for just as much, as the jury might under all the circumstances, estimate it to be worth." To the same effect it was ruled in *Lesley* v. *Nones*, 7 S. & R. 410, that the law does not positively presume payment of a judgment after

nineteen years, but it is a question for the jury. See also, *Cope* v. *Humphreys*, 14 S. & R. 15.

In *Tilghman's Ex'ors* v. *Fisher*, 9 W. 442, it was expressly ruled, that though twenty years are necessary to a legal presumption of payment; yet circumstances may be shown, in connection with the time that has elapsed, which will authorize a jury to find for the defendant; and we applied this rule last term, to the case of *Clark & Co.* v. *Curran*, (not reported.)

These cases are sufficient to indicate the distinction, in virtue of which we think the evidence, as presented in the defendant's second offer, ought to have been received. The *competency* of such evidence, does not depend on a particular period of years, though its *effect* will be proportioned to their number. The presumption strengthens as the time approaches to twenty years, and the circumstances needed to establish it, may be measured by a diminishing scale.

The further the time stops short of twenty years, the more cogent and decisive must be the circumstances relied on; just as the further we advance beyond twenty years, we require more persuasive circumstances, *to rebut* the legal presumption. Twenty years, assumed as the point for that presumption, the scale is reversed, by which we measure the circumstances that tend to establish, or countervail it. In both instances, it is for the jury to apply the proofs, under the direction of the court. If evidence be offered, which in the judgment of the court, will, in connection with the lapse of time, reasonably tend to convince the jury, that a sealed debt has been paid short of twenty years, or that it has not been paid, notwithstanding that period, it is the duty of the court to receive it, and to submit it to the jury, with such instruction as shall enable them to estimate it at what it is really worth. The point to be attained, is moral conviction of a fact; and whilst it is not to be founded on evidence insufficient to convince reasonable men, we are not to exact mathematical certainty, nor to expect more than moral demonstration. We are far from saying, that the evidence offered in this case, was adequate to persuade a jury that this note had been paid; but we are clear, both on reason and authority, that it ought to have been submitted to their consideration.

We see no other error in the record, than the rejection of the evidence, when it was offered in support of the presumption of payment. There was no evidence of an *application* of the book. account to the note, by any act of the parties, and the mutual demands did not extinguish each other by operation of law. *Hinckley* v. *Waters*, 8 W. 260; *Post* v. *Carmalt*, Ib. 406. Nor was there error, in rejecting the evidence under the plea of set-off, after the Statute of Limitations had been replied. The statute is a rule of evidence, as well as a bar to a recovery, and

operates against a simple contract debt, after six years, whether it be sued upon, or come in by way of set-off.

The judgment is reversed, and a *venire de novo* awarded.

BLACK, C. J., and LEWIS, J., dissented.