## Taylor *et al. versus* Gould.

1. Taylor agreed with Scoffin & Gould to enter satisfaction on a judgment against them. He refused to do so; and the money was raised on executions from Gould's property alone. Gould could recover in an action by himself alone for money paid, &c.

2. The receipts of the attorney of the judgment-creditor for payments by Gould to him, the attorney being dead, were evidence.

3. Claims were offered as set-off, which on their face had been barred by the Statute of Limitations; they were inadmissible without evidence to take them out of the statute.

4. The rule excluding hearsay evidence does not apply to declarations of deceased persons against their interest.

February 3d 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 436, to January Term 1867.

This was an action of assumpsit by John H. Gould against David B. Taylor and others, trading as D. B. Taylor & Co. The writ issued September 27th 1865.

The declaration contained three counts.

1. That the Farmers' Bank of Bucks County, on the 23d of January 1858, recovered a judgment against Francis Scoffin and John H. Gould for $1002.64, and that in consideration that Scoffin & Gould had paid to the defendants the full amount of that judgment, the defendants promised to satisfy the judgment within sixty days, which they neglected to do, and by reason thereof the bank collected said judgment from the plaintiff by taking in execution his goods, &c.

2. Reciting the same judgment, payment to defendants, their promise and neglect to satisfy; averred that the bank collected the judgment from the plaintiff by taking in execution " his goods and chattels, lands and tenements."

3. For money paid, laid out and expended.

The defendants pleaded non assumpsit, set-off and payment and the Statute of Limitations. They filed also a special plea of set-off, one item of set-off being the note of Isaac Thayer to George W. Jones for $131.47, dated November 11th 1857, payable in six months, endorsed by Jones and the plaintiff; another, the note of Neally & De Labor, dated August 31st 1857, for $41.50, also endorsed by the plaintiff.

On the trial, before Hare, A. J., the plaintiff examined Alderman Flood, who testified that he was attorney for Scoffin & Gould and present with Judge Parsons, representing the defendants, and Mr. Beatty representing the Farmers' Bank, when an agreement, signed by defendants (shown witness), was executed; that Beatty was dead; that the witness paid $100 and $300.12, represented by receipts of January 10th and July 5th 1861, signed by Beatty; that receipts of January 1st, March 24th and July 2d 1860, each for $100, were in Beatty's handwriting. The witness, on cross-

examination, said, that he did not recollect whether he had paid the money on any but the first two receipts, "only what Mr. Beatty said."

The plaintiff then asked witness, "What did Beatty tell you?'

This was objected to by the defendants, admitted, and a bill of exceptions sealed.

The witness said, "The agreement made by Mr. Beatty on behalf of the bank, and myself on behalf of the defendants sued by the bank, was to take their judgment in instalments, and the payments I made were in pursuance of that agreement."

The plaintiff then offered the agreement referred to, which was objected to by defendants, admitted, and a bill of exceptions sealed.

The agreement, after stating the judgment of the bank against Scoffin & Gould, is as follows:—

"We agree to have the judgment entered in this case satisfied, we having been paid the full amount of said debt, the original note having been originally given to us, and to save the said Scoffin & Gould from any liability on the same, they paying the costs up to this date, said judgment shall be satisfied within sixty days on the record.

"D. B. TAYLOR & Co.

"February 17th 1858."

The plaintiff also gave in evidence, under objection by the defendants and exception, the receipts of January 1st, March 24th and July 2d 1860, and the judgment and executions referred to in the first two counts of the declaration, with their returns.

The sheriff returned to the fi. fa. that on the 21st of February 1860 he had made $475.37 from Gould's personal property, and as to Scoffin "*Nulla bona*." To the venditioni, which issued March 9th 1860, he returned that he had levied on Gould's real estate, but the writ was stayed by the payment of the debt by Gould.

The defendants offered as set-off the notes of Thayer and Neally & De Labor, mentioned in the plea. They were rejected by the court, and bills of exception sealed.

The charge of the court, so far as given in the paper-books, is as follows:—

"I decline to answer the following points submitted by defendants:—

"1. That the plaintiff cannot recover under the agreement given in evidence of the 17th of February 1858, Scoffin not having been joined as a plaintiff in the action.

"2. That the Statute of Limitations is a bar to the right of the plaintiff to recover in this action, not having shown any promise to pay the debt within six years."

In answer to a question by a juror to the court, the judge

[Taylor *v.* Gould.]

charged the jury that the plaintiff was entitled to recover the respective sums paid by him and the interest on the same from time of payment.

The verdict was for the plaintiff for $1636.72.

The defendants took a writ of error.

The 1st, 2d, 3d and 4th assignments were the admission of evidence offered by the plaintiff and excepted to.

5th, 6th and 7th. Rejecting the evidence offered by the defendants.

8th and 9th. Refusing to affirm the defendants' 1st and 2d points.

10th. The answer to the juror.

*A. V. Parsons*, for plaintiffs in error.—To give the written contract in evidence, there should have been a copy of it given in the bill of particulars : Gilpin *v.* Howell, 5 Barr 41 ; Anderson *v.* Hayes, 2 Yeates 95 ; Fagely *v.* Bellas, 5 Harris 67 ; 1 Chitty's Pl. 4 ; Piggott *v.* Thompson, 3 Bos. & Pul. 147.

Beatty's receipt was that of a stranger to defendants : 1 Greenl. Ev. §§ 148, 150 ; 1 Stark. Ev. 40, 46 ; Jacobs *v.* Putnam, 4 Pick. 108 ; Glaser *v.* Reno, 6 S. & R. 206 ; Cutbush *v.* Gilbert, 4 Id. 556 ; Townsend *v.* Keen, 2 Watts 180 ; English *v.* Hannah, 4 Id. 424 ; Hamilton *v.* Maguire, 3 S. & R. 355 ; Union Canal Co. *v.* Young, 1 Whart. 410 ; Bolton *v.* Johns, 5 Barr 145.

As to the rejected notes : Boggs *v.* Bard, 2 Rawle 102 ; Finney *v.* Cochran, 1 W. & S. 112 ; Hinckley *v.* Walters, 8 Watts 264.

The action should have been in the name of both Scoffin and Gould : 1 Chit. Pl. 3–6 ; Boggs *v.* Curtin, 10 S. & R. 211 ; Graham *v.* Robertson, 2 T. R. 282 ; Hatch *v.* Brooks, 2 Mass. Rep. 293 ; Baker *v.* Jewell, 6 Id. 460 ; Scott *v.* Godwin, 1 Bos. & Pul. 67 ; Sweigart *v.* Berk, 8 S. & R. 308 ; Mehaffy *v.* Lytle, 1 Watts 314 ; Blymire *v.* Boistle, 6 Id. 182 ; Morrison *v.* Beckey, Id. 349.

The Statute of Limitations is a bar : Rankin *v.* Woodworth, 3 Penna. Rep. 48 ; McEuen *v.* Girard, 2 Rawle 311 ; Case *v.* Cushman, 1 Barr 241 ; Morgan *v.* Walton, 4 Id. 322 ; Allison *v.* James, 9 Watts 381 ; Allison *v.* Pennington, 7 W. & S. 180 ; Lowber *v.* Smith, 7 Barr 381.   To bring himself within any of the exceptions to the statute the plaintiff should have replied them : Witherup *v.* Hill, 9 S. & R. 11 ; Bevan *v.* Cullen, 7 Barr 281 ; Brown *v.* Agnew, 6 W. & S. 238 ; Clark *v.* Hougham, 2 B. & C. 149 ; Thurston *v.* Dawes, 9 S. & R. 288 ; Bricker *v.* Lightner, 4 Wright 199 ; Yaw *v.* Kerr, 11 Id. 333.

It is error to refuse to answer a point : Shaffer *v.* Landis, 1 S. & R. 449 ; Hamilton *v.* Menor, 2 Id. 70 ; Vincent *v.* Huff, 4 Id. 298 ; Smith *v.* Thompson, 2 Id. 49 ; Powers *v.* McFerran, Id. 44 ; Noble *v.* McClintock, 2 W. & S. 58 ; Slaymaker *v.* St. John, 5 Watts 27.

[Taylor v. Gould.]

*A Briggs*, for defendant in error.—The statute did not commence to run till Taylor & Co. refused to pay the bank: Evans *v.* See, 11 Harris 88; Stout *v.* Kindt, 12 Id. 449; Johnson *v.* Humphreys, 14 S. & R. 394; Wesley Church *v.* Moore, 10 Barr 273. Beatty being dead his receipts were evidence: 1 Greenlf. Ev., § 147; Adams *v.* Scitzinger, 1 W. & S. 243; Higham *v.* Ridgway, 10 East 109; 2 Sm. L. Cas. 183; Hobensack *v.* Hallman, 5 Harris 158.

(During the argument Judge Strong referred to Kennedy *v.* Carpenter, 2 Whart. 344.)

The opinion of the court was delivered, February 10th 1868, by

STRONG, J.—If this suit were founded directly and solely upon the agreement of February 17th 1858, referred to in the 1st and 2d counts of the declaration, it might be that it could not be maintained, brought as it is by John H. Gould alone. That agreement was made with Scoffin & Gould, the promise, so far as there was any, was made to them both, and both of them had a legal interest in its performance. It matters not that each may have had a several interest in the benefit to be derived from it. If their interest in the contract itself was joint, they could only sue upon it jointly. The non-joinder of Scoffin might, however, probably have been cured by amendment in the court below. Whether such an amendment could be allowed after a writ of error sued out, we need not now inquire. The action is not founded exclusively upon that agreement. There is a count for money paid, laid out and expended. It may be admitted that to support each of the counts, even that for money paid, that the agreement is necessary, but the general count does not rest upon any promise contained in it. It is supported by proof of any payment, not voluntary, made for the use of the defendants, or in their relief by Gould the plaintiff. The use of the agreement was to show that the payments made by the plaintiff, averred in the *narr.* to have been made on the 6th day of January 1861, were for the benefit of the defendants, and in their relief, and that they were not voluntary. The situation of the parties is very material to be considered. Scoffin & Gould had given their note to the defendants, which the defendants had endorsed to the Farmers' Bank of Bucks county. It was therefore the right of the bank to call upon the makers or the endorsers for payment. Suit was brought, and judgment was recovered against Scoffin & Gould the makers. Then the makers paid the amount of the judgment, not to the bank but to the defendants, who had endorsed the note to the bank, and the defendants agreed to have the judgment satisfied within sixty days. They also agreed " to save Scoffin & Gould from any liability on the same." The agreement was made on the 17th of February 1858. They did not, however, cause the judgment to be satisfied, nor did they

[Taylor *v.* Gould.]

save Scoffin & Gould from liability in consequence of it. On the contrary, Gould the plaintiff was compelled to pay it in 1861. Now what was the effect of all this? Obviously this. By the payment of the money to the defendants the duty was cast upon them to pay it to the bank, and thus relieve both Scoffin and Gould. As between the parties to the agreement the paramount obligation was cast upon Taylor & Co. True, both parties were liable to be called upon to pay the bank, but as between themselves, Scoffin and Gould were no more than sureties of the defendants. When, therefore, Gould, one of those sureties, paid the debt, the law immediately raised a promise of the defendants to reimburse to him what he had paid. That promise sustains the 3d count in the declaration. Most of the assignments of error have been made without regard to this view of the case. They treat the agreement of February 17th 1858, as a simple promise to pay a sum of money within sixty days, and a promise made to Scoffin & Gould. If such were all the effect of that agreement the Statute of Limitations would be a bar to this action, and moreover the action could not be sustained in the name of Gould alone. But it is also an engagement to indemnify, and that engagement was not broken until Scoffin & Gould were harmed by the judgment, which was in 1861, within six years of the commencement of the suit. The agreement is yet more. It made the debt to the bank, as between the parties to it, the debt of the defendants, throwing upon them the primary obligation to pay it, and therefore as an instrument of evidence it tended to prove that the money paid by Gould in 1861 was paid for them and in their relief.

We are now prepared to consider the assignments of error in detail. The first is that the court erred in permitting a witness who had made payments for the plaintiff to the attorney of the bank, to testify that there was an agreement to receive payment in instalments, and that the payments were made in pursuance of that agreement. Were this admitted to be erroneous, we cannot see how it could have injured the defendants, and no attempt has been made to show us that by any possibility it could have worked injury. The material thing in this part of the case was whether Gould had paid the judgment. It was of no importance whether he paid it in instalments or not, or whether there was an agreement to receive payment in instalments.

What we have said is quite enough to show that the agreement of 1858 was correctly received in evidence. It showed that the debt paid was the debt of the defendants.

The 3d assignment is that the court admitted the receipts of the attorney of the bank to show payments by the plaintiff on account of the judgment. The objection is that it was hearsay evidence. But it had been proved that the attorney was dead. If there is

[Taylor v. Gould.]

anything settled, it is that the rule excluding hearsay evidence does not apply to oral or written declarations of deceased persons made against their interest.

The 4th assignment is to the admission of the judgment of the bank against Scoffin & Gould. This is already sufficiently answered. It was plainly admissible to show that Gould's payment was not voluntary, if for no other reason.

The 5th, 6th and 7th errors are to the rejection of several claims against the plaintiffs offered as a set-off. Upon their face they all appeared to be barred by the Statute of Limitations, and there was no offer to accompany them with proof that the statute did not bar them. They were therefore properly rejected: King's Ex'rs. v. Coulter's Ex'rs., 2 Grant 81; Jacks v. Moore, 1 Yeates 391.

Of the 8th assignment it is sufficient to say, it assumes incorrectly that the action was brought solely upon the agreement of February 17th 1858. We have already shown that it was not. It may be that under the 1st and 2d counts the plaintiff could not recover, but if the 3d count was sustained he might, and the fact that the contract set out in the 1st count was with Scoffin as well as with the plaintiff, does not prevent a recovery upon the contract laid in the 2d and 3d counts. It is not assigned for error that one of the counts is bad, and that the judgment was entered generally.

The 9th assignment has already been answered. The cause of action as laid in the 3d count was not the breach of a promise made in 1858, but of one made in 1861, when the judgment was paid by the plaintiff. The replication to the plea of the Statute of Limitations was not an averment of a new promise. It was only an allegation that the promise laid in the declaration was made within the six years before the suit was brought.

Of the 10th assignment it was enough to say that we have not the bill of exceptions, or the entire charge of the court. What was said in reply to the question of the juror was evidently nothing more than that the measure of damages, if the plaintiff could recover at all, was the amount paid by him and interest, and this was correct. Besides, we see no evidence to controvert the proof that such payments had been made, and that they were made in relief of the defendants, that they were made under compulsion, and because the defendants had not paid a debt which they were under a superior obligation to pay. The answer of the court to the juror was therefore correct.

The two remaining assignments are but repetitions of the preceding, and they are without merit.

The judgment is affirmed.

Agnew, J., dissented, and filed a dissenting opinion.