## In re NEIMAN HARDWARE CO., Inc. CLAIM OF SHEIVE'S ESTATE.

No. 20160.

District Court, E. D. Pennsylvania.

Feb. 21, 1941.

Edwin Fischer, of Philadelphia, Pa., for trustee.

Elgin H. Lenhardt and Raymond Pearlstine, both of Norristown, Pa., for executor of Estate of Walter J. Sheive, deceased.

BARD, District Judge.

This matter comes before the court on a certificate for review of an order of the referee in bankruptcy allowing a claim of the estate of Walter J. Sheive, deceased. The certificate was filed by the referee upon petition of the trustee.

The deceased, Mr. Sheive, became an accommodation maker on a demand note for the bankrupt, on March 11, 1931. This note, for $16,200, was given to the Montgomery Trust Company. Securities of the deceased were pledged as collateral. On March 1 and 4, 1937, securities of the deceased were sold and the proceeds of $16,-117.37 were applied to pay off the note.

Thereafter Mr. Sheive and others interested in the Neiman Hardware Company were pressed by a creditor, the Supplee-Biddle Hardware Co., to so adjust this indebtedness of the Neiman Company that its financial statement would reflect an exchange of Mr. Sheive's claim for a major proportion of the capital stock of the Neiman Company. The practical result of this exchange would have been a considerable improvement in the credit standing of the Neiman Company. The Supplee-Biddle Company proposed to extend further credit if such exchange was made. Mr. Sheive agreed to consider the proposal.

Upon the evidence adduced to him, the referee found, however, that the proposed plan, if agreed to, was never carried out. I am decided the referee's conclusion has ample support. At best, the testimony concerning the alleged agreement presents a confused and incomplete picture, and affords an insufficient basis for findings consistent with the trustee's claims.

The Neiman Company did issue and forward to the Supplee Company a financial statement which did not contain the indebtedness to Mr. Sheive. However, it does not appear that this was authorized by or known to Mr. Sheive. Furthermore, Mr. Sheive died without any revision in the stock of the Neiman Company having been made and without the Supplee-Biddle Company having made any extension of credit in reliance upon the alleged agreement.

The referee concluded that the estate of Mr. Sheive was entitled to an allowance of the claim for $16,117.37, which claim had been filed on or about February 14, 1938..

The trustee argues that the allowance should be set aside. All but one of the enumerated· contentions in support of his argument are founded upon factual bases contrary to the findings of the referee. Since I am decided that those findings must be sustained, I will consider only the contention that a legal conclusion of the referee was erroneous.

The trustee urges that the referee erred in not ruling that the claim was barred by the statute of limitations. Since the note was executed and the securities deposited more than six years prior to the filing of the claim in bankruptcy, it is the trustee's point that the claim originated then, rather than when the collateral was sold to satisfy the obligation of the Neiman Company, maker of the note.

The law is, however, that the statute of limitations runs only from the time the claimant's securities were taken to satisfy the obligation. Wesley Church v. Moore, 10 Pa. 273; Taylor v. Gould, 57 Pa. 152.

The referee's order is confirmed.