## Reynolds v. Kachulis

*Philip E. Brockway*, for plaintiffs.
*Albert E. Acker*, for defendants.

MCKAY, J., June 5, 1958.—This case is before the court for the second time upon preliminary objections to a complaint in an action of assumpsit, the present objections being to the amended complaint filed February 11, 1958. The amended complaint reads in part as follows:

"3. The plaintiff herein leased property known as the Hickory Recreation from the defendants herein, who are the owners of the property.

"4. The leased premises in question consisted of a cement structure, one story in height, which contains bowling alleys, a restaurant and soda fountain, seats for spectators and the various types of equipment and necessary storage rooms in order to conduct a bowling business, and the following sums of money were expended as additions to the aforesaid capital structure and not as maintenance to the structure, with the consent and approval of the aforesaid defendants, and at their request:

| "William J. Schultz | $ 650.00 |
|---|---|
| Grimms' | 580.00 |
| William Fulford | 147.00 |
| Warren Bowling | 40.00 |
| Gargasz Refrigeration | 94.32 |
| Spon Electric | 125.00 |
| Spon Electric | 200.00 |
| Paving Lot | 950.00 |
| Neon Sign Repair | 89.50 |
| Lewis Miles, Painting | 1000.00 |
| Shubbery, Remove and Replace | 90.00 |
| Exterior Blacktopping | 150.00 |
| Rickert | 180.00 |
| Painting outside | 450.00 |
| Redecorating inside | 750.00 |
| Glass casing | 42.00 |
| | $5537.82 |

"5. The plaintiffs herein suffered a further loss due to the failure of the defendants to renew the lease, as follows:

"Advertising, as follows:

| "$450.00 per year for two years for trophies for league play | $ 900.00 |
| "Cash disbursements to league officers for league records at $250.00 per year (2) | 500.00 |
| | $1400.00 |

"6. Plaintiffs further estimate that the loss of business for the year 1957-1958, which they had already figured for at the said Hickory Recreation, will amount to Six Thousand Dollars ($6,000.00), as evidenced by a copy of the books showing the profits of preceding years prior to the capital expenditures and losses listed above.

"7. Plaintiffs aver that their loss on equipment necessitated by the action of the lessors in failing to renew the aforesaid lease, was as follows:

| "Loss on Ball Machine | $ 250.00—cost | $ 500.00 |
| Loss on Duck Pins | 122.00—cost | 244.00 |
| Loss on Ten Pins | 750.00—cost | 1500.00 |
| Loss on Ten Pin Balls | 350.00—cost | 700.00 |
| Loss on Duck Pin Balls | 122.50—cost | 245.00 |
| Loss on rental Bowling Shoes | 500.00—cost | 1000.00 |
| | $2094.50 | |

"WHEREFORE, plaintiffs demand judgment against the defendants in the amount of Fifteen Thousand Thirty-two Dollars and Thirty-two Cents ($15,-032.32)."

The preliminary objections are in the nature of a demurrer to the complaint and a motion for a more specific complaint.

I. Paragraph 4 of the amended complaint.

A. The demurrer.

The amended complaint before us purports to claim damages due to plaintiffs as former lessees of a building containing bowling alleys and a restaurant of which defendants are the owners.

The fourth paragraph avers that certain sums were expended by plaintiffs "as additions to" the building "with the consent and approval" of the lessors "and at their request." There follows a list of the expenditures with the names of the payees and the amounts paid them. Six other items merely state the general nature of the expenditures with the amounts paid.

In substance, therefore, the paragraph claims that defendants requested plaintiffs, as lessees, to pay for certain additions to the building leased and that plaintiffs did so and are entitled to reimbursement.

It is conceivable that, with a more specific pleading of the facts, a good cause of action in assumpsit for money paid would be set forth.

The A. L. I. Restatement of the Law of Restitution section 107 (2), sets forth the law on the point of allowing restitution for money paid as follows:

"In the absence of circumstances indicating otherwise, it is inferred that a person who requests another to perform services for him or to transfer property to him thereby bargains to pay therefor."

While this statement is limited to the performance of services or the transfer of property, the reason for allowing an action in assumpsit for money paid in those instances would equally apply to a case where money is paid out by a plaintiff for the improvement of defendant's property at the latter's request under circumstances that raise an implied promise to repay the advance.

This view is supported by the following quotation from 58 C. J. S. §4, p. 894:

"One who has paid money for the use or benefit of another to a third person may recover from that other

the money so paid, if such payment was made at that other's express or implied request, with an understanding, express or implied, on the part of defendant to repay it. Where one pays out money at the special instance and request of another, the law implies a promise on the part of the latter to repay it."

Similarly, in 4 Am. Jur. §18, at page 507, the law is stated as follows:

"So, where the consideration is beneficial to the party sought to be charged, and is actually adopted or taken advantage of by him, assumpsit for money paid lies. It is not necessary in order to maintain the action that the defendant should have been relieved by the plaintiff's payment from a liability to a third person; accordingly, if one requests another to pay money for him to a stranger, with an express or implied undertaking to repay it, the amount, when paid, is a debt due to the party paying from him at whose request it is paid and may be recovered as a count for money paid; and it is wholly immaterial whether the money is paid in discharge of a debt due to the stranger, or as a loan or gift to him."

The Pennsylvania cases, though few in number, are in accord with the above statements of the law.

In Taylor v. Gould, 57 Pa. 152, it was held that a count for money paid, laid out and expended is supported by proof of any payment, not voluntary, made for the use of defendants or in their relief by plaintiff.

Also in Commonwealth Ins. Agency v. Opperman, 18 Dauph. 510, it was stated that if the insured procured plaintiff to pay a premium or assented to such payment in his behalf, he may have made himself liable to plaintiff for moneys laid out and expended.

And in Diffenbaugh & Sons v. Kelly, 42 Lanc. 358, a statement of claim was held sufficient which claimed to recover $100 for 10 monthly premiums on

a life insurance policy which plaintiff paid at the oral request of defendant.

Of course where there is no express or implied promise on the part of a defendant to repay, a plaintiff who pays the debt of another is a mere volunteer and cannot compel the other to reimburse him: Appeal of Breneman, 121 Pa. 649.

Accordingly, if plaintiffs can prove their averment that they caused improvements to be made to defendant's property and paid for them themselves, but at defendants' request, and the circumstances are such that a promise to repay can be implied, they are entitled to recover the amount of such payments.

In addition, it must be kept in mind that in passing upon a demurrer, all doubts should be resolved against the objecting party: 4 Standard Pa. Practice 37; Sun Ray Drug Co. v. Lawler, 366 Pa. 571.

We conclude that the preliminary objection to paragraph 4 in the nature of a demurrer should be dismissed.

B. The motion for more specific complaint.

Defendants' preliminary objection to paragraph 4 on the ground that it is not sufficiently specific has merit. Such items as William J. Schultz, $650; Grimms', $580; William Fulford, $147, and the like do not aver facts that would indicate what defendants requested plaintiffs to cause to be added to the former's building. From the complaint it appears that plaintiffs claim that defendants requested plaintiffs to cause certain additions to be made to defendants' property and to pay for them. Defendants are entitled to know what the additions were, when they were made, substantially when the requests were made, as well as the amount of money paid. Enough facts should be averred to show just what was the nature of the implied contract relied upon. Here there is nothing but a list of names and amounts.

II. Paragraphs 5, 6 and 7 of the amended complaint.

The demurrer to paragraphs 5, 6 and 7 must be sustained. These paragraphs merely allege that plaintiffs lost certain money due to the failure of defendants to renew a lease of the premises with plaintiffs. However, no copy of a written lease is attached nor are any facts averred which disclose an obligation upon defendants to renew the lease, whether written or oral. In the absence of such an averment the failure of defendants to renew would not be actionable and any expenditures made by plaintiffs in contemplation of such renewal could not be recovered.

*Order*

Now, June 5, 1958, it is ordered as follows:

(1) The preliminary objection of defendants in the nature of a demurrer to paragraph 4 of the amended complaint is overruled.

(2) The preliminary objection to said paragraph 4 in the nature of a motion for a more specific complaint is sustained and it is ordered that plaintiff file an additional amended complaint wherein they set forth the facts pertaining to the alleged request by defendants for plaintiffs to make additions to the building referred to in the complaint, including, in addition to the facts averred in the present complaint, the time when the request was made, whether the request was oral or written, which of defendants made it, to which plaintiff it was addressed, the nature of the respective additions, when they were made and when plaintiffs paid for them.

(3) The preliminary objections in the nature of a demurrer to paragraphs 5, 6 and 7 of the amended complaint are sustained and, unless in an additional amended complaint to be filed within 20 days from the date of this order plaintiffs set forth facts showing a contractual duty on the part of defendants to renew the lease referred to in the complaint, judgment shall

be entered for defendants with respect to the claims set forth in said paragraphs 5, 6 and 7.

*Exception*

And now, June 5, 1958, to the foregoing order of the court, counsel for plaintiffs excepts and, eo die, a bill of exceptions is sealed for plaintiffs.