# Hughes *versus* Hughes.

1. A shorter period than twenty years aided by circumstances which contribute to strengthen the presumption of payment of a bond, &c., from lapse of time may be submitted to a jury as grounds for the presumption of the fact of payment.

2. Slight circumstances may be given in evidence in proportion as the presumption strengthens by lapse of time, but they must be such as aid the presumption from lapse of time.

3. To aid presumption of payment from lapse of time, evidence of the needy circumstances of the obligee and of the easy and solvent circumstances of the obligor, would in most cases be competent.

4. In an action on a bond a greater sum than the penalty may be recovered.

February 5th 1867.  Before THOMPSON, STRONG and READ, JJ. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia.*

This was an action of debt, to January Term 1867, by the

[Hughes *v.* Hughes.]

administrators, &c., of William Hughes, deceased, against the administrator, &c., of Charles D. Hughes, deceased.

On the trial, before Hare, A. J., the plaintiffs gave in evidence a bond from Charles D. Hughes to William Hughes, dated September 13th 1843, in the penalty of $2000, conditioned to pay $1000 in four years, with interest.

Charles D. Hughes died March 6th 1863; William Hughes, who was his father, died November 18th 1865.

The defendant, to raise the presumption of payment or release of the bond, offered "In order to show the needy circumstances of the said William Hughes, a mortgage from the said William Hughes to Patience Simons, dated January 30th 1847, to secure the payment in one year of $700, satisfied December 30th 1865. Also, a mortgage from the said William Hughes to the Trustees of the Fire Association, dated March 12th 1859, to secure the payment in one year of $4000; satisfied December 9th 1865." Also, to show the solvent and comfortable circumstances of the said Charles D. Hughes, defendant offered in evidence a deed from Charles L. Watson, to the said Charles D. Hughes, dated May 9th 1854, for a house and lot on Vine street, consideration $4550, to be followed by proof that the said Charles D. Hughes lived in the same; and to prove "the value of the said house and possession thereof by the said Charles D. Hughes, his family consisting of a wife and three children; also the employment of the said Charles D. Hughes in a store, that he received a comfortable salary and commissions on sales."

These offers were severally rejected, and exceptions taken.

The defendant then proved by Charles Dean that he was assessor of the ward in which the said William Hughes resided for the years 1863, 1864 and 1865; that it was his duty to serve upon William Hughes the inquiries directed by law as to his personal property, for taxation for state purposes; that he left the usual inquiries with the said William Hughes, but had no knowledge of getting back any return to them, and could not say whether he did or not; that it was the course of business of the assessors to retain the returns made by the citizens, and to copy them into a blotter, from whence they are transcribed into the assessment books, kept in the county commissioner's office. That he had made diligent search for the return of William Hughes, but could not find it.

The defendant then offered in evidence the assessment books of the ward for the years 1863, 1864 and 1865, to show that William Hughes made no return for taxation of the bond sued on, and was assessed only for the house in which he lived.

This also was rejected, and an exception taken.

The court charged, "The presumption of payment of this bond
4 P. F. SMITH—16

[Hughes *v.* Hughes.]

from lapse.of time does not arise until twenty years from the 13th of September 1847."

The verdict was for the plaintiffs for $2387.66.

The errors assigned were the rejection of the several offers of evidence, the charge of the court, and that the verdict was against the law and the evidence in giving a greater sum than the penalty of the bond.

*H. McIntyre*, for plaintiff in error.—Less than twenty years, with other circumstances, will justify a presumption in fact of payment, to be drawn by a jury: Henderson *v.* Lewis, 9 S. & R. 379; Tilghman *v.* Fisher, 9 Watts 442; Webb *v.* Dean, 9 Harris 29; Diamond *v.* Tobias, 2 Jones 312; Cope *v.* Humphreys, 14 S. & R. 21; Oswald *v.* Leigh, 1 T. R. 272; King *v.* Coulter, 2 Grant 177; Levers *v.* Van Buskirk, 4 Barr 399; Goldhawk *v.* Duane, 2 Wash. C. C. 323.

*G. Junkin, Jr.* (with whom was *J. S. Price*), for defendants in error, cited Diemer *v.* Sechrist, 1 Pa. R. 420; McLean *v.* Findley, 2 Id. 97; Bickley *v.* Richards, 13 S. & R. 402; Foulk *v.* Brown, 2 Watts 214; Tilghman's Ex. *v.* Fisher, 9 Id. 441; Reed *v.* Reed, 10 Wright 242; Webb *v.* Dean, 9 Harris 32; Delaney *v.* Robinson, 2 Wh. 503; Reed *v.* Reed, 10 Wright 243; Hillary *v.* Waller, 12 Vesey 266; Diamond *v.* Tobias, 2 Jones 312; King *v.* Coulter, 2 Grant 77; Rogers *v.* Burns, 3 Casey 525; Kline *v.* Kline, 8 Harris 503; Act 22d April 1846, § 3, Purd. 951, pl. 130, Pamph. L. 486; 2 Saund. 106; Graham *v.* Beckham, 4 Dallas 149; Robeson *v.* Whitesides, 16 S. & R. 320; Burr *v.* Todd, 5 Wright 206; Lyon *v.* Clark, 4 Seld. 148; 6 Paige 92; Arnold *v.* United States, 9 Cranch 104.

*P. McCall*, for plaintiff in error, in reply, cited Mayne on Damages 117; McClean *v.* Duncan, 1 East 436.

The opinion of the court was delivered, March 4th 1867, by

THOMPSON, J.—That a complete legal presumption of payment of a bond or other instrument of like nature does not arise short of twenty years is well settled; but it has also been well settled that a shorter period aided by circumstances which contribute to strengthen the presumption of payment from lapse of time may be submitted to a jury as grounds for the presumption of the fact of payment; Webb *v.* Dean, 9 Harris 29; Tilghman's Ex'rs. *v.* Fisher, 9 Watts 442; Power *v.* Hollman, 2 Id. 218. Slight circumstances may be given in evidence for that purpose in proportion as the presumption strengthens by the lapse of time; but still they must be such as aid the presumption arising from time. They must be, as it is said, *persuasive* that the time would not

[Hughes *v.* Hughes.]

have been suffered to elapse had the debt remained unpaid. The testimony must not be so equivocal as to possess no tendency in any direction. This leads to a consideration of the testimony offered for this purpose and rejected by the court.

The debt was overdue eighteen years eight months and twenty days when suit was brought, and had been so during fifteen years and five months during the life of the obligor. The parties were father and son. The latter the obligor, the former the obligee, and both were deceased at the institution of the suit.

To aid the presumption of payment from the lapse of time which had occurred the defendants offered evidence of what they called the *needy circumstances* of the obligee, and the easy and solvent circumstances of the obligor. No doubt in most cases, and perhaps in a case altogether like this, between father and son, evidence to prove this would have been entirely competent; but the difficulty here is, that the evidence offered did not necessarily tend to prove this state of circumstances in regard to either.

The proposed evidence of *needy* circumstances of the father consisted of two mortgages given by him, one dated in 1847 to secure the payment of $700 in one year, and the other dated in March 1859 to secure the payment of $4000 in the same length of time. This evidence of itself showed nothing. In this city mortgages are entirely consistent with independence and even wealth. Indeed this is so everywhere, and is so well known that to admit evidence for the purpose and to submit it to a jury to find needy circumstances would simply be to mislead them as to the fact. In this particular case the security must have been good, for there was no pressure for the money during the lifetime of the mortgagor, and the exemplification of the mortgages showed that both were paid off by the administrator in a little over a month after the decease of the mortgagor. Had the testimony tended to prove what was claimed for it, namely, the needy circumstances of the obligor, it furnished at the same time quite as strong, nay, stronger proof of the opposite condition of things. Independently of this, however, we think the evidence did not tend to prove what was claimed for it and the offer was properly rejected.

There being no circumstances to show a reason beyond that of ordinary thrift and care, why the father should call upon the son for the payment of his debt, unless the circumstances of the latter were so easy as to make it reasonable to suppose that impelled by this motive alone he would call for his money, we must see how the offer of testimony stands on that point. The offer was to prove that the son had become the owner of a small property on Vine street, in 1854, costing, at that time, $4500, and to show, says the offer, the value " of the said house and possession thereof by the said Charles D. Hughes, his family consisting of a wife and three children, also the employment of the said Charles

[Hughes, *v.* Hughes.]

D. Hughes in a store, and that he received a comfortable salary and commissions on sales." This was the offer, and how such testimony would have shown an ability to pay so as to tend to *persuade* the mind that he had paid, especially to one not shown to be needy, and his father, it is not easy to see. His house remained in his possession until his death. It therefore contributed nothing towards paying, for it was occupied by himself and family ; whether his comfortable salary amounted to more than was necessary to support his wife and children and himself, so as to raise a presumption that a surplus might be on hand to be applied to his debt, was not offered to be shown in any way. This testimony, it seems to us, had no tendency to add any strength to the presumption from lapse of time. To have admitted it would have been to have led the jury to infer from the most equivocal state of facts, a conclusion not naturally or necessarily indicated by them. We think the court committed no error in overruling the offer.

Nor do we think the assessment-books were evidence to aid the presumption. It was not shown that the plaintiff's intestate was ever called on to make a return of debts due him by solvent debtors, much less was it shown that having been so called on his return made left out the bond in suit. To presume anything from the absence of any return of the debt on the books, we must presume all this to have occurred and then presume that it was not returned because paid.

The postulate of a presumption of fact must grow out of a fact or state of facts existing ; but the fact from which the presumption in this particular was attempted to be deduced was not shown to exist, viz., that the obligee did not return the debt or was called on to do so, the presumption of payment, therefore, could not be drawn. The court committed no error in overruling the offer.

This suit was brought for the debt and not for the recovery of the penalty. The verdict being for a greater sum than the penalty, it is thought the judgment upon it cannot be sustained. But this is a mistake, as the following authorities and many others fully show : 4 Dallas 149 ; 16 S. & R. 320 ; 5 Wright 206 ; Chit. on Cont. 768 ; 13 East 393 ; 3 Pars. on Cont. 158.

Judgment affirmed.