# Beale's Executors *versus* Kirk's Administrator.

Whether the presumption of payment arising from lapse of time is rebutted by a given state of facts is a question of law for the court.

May 29th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Juniata county*: Of May Term 1877, No. 73.

Scire facias sur recognizance issued December 17th 1874, by Thomas M. Kirk, administrator of William W. Kirk, deceased, guardian, to use of minor children of William Jacobs, deceased, against Joshua Beale.

The recognizance was given by Joshua Beale and John Milliken in the Orphans' Court of Juniata county on the 3d of December 1839, conditioned to pay to said guardian for the use of said children the sum of $89.44, with interest, one year from date.   On the 19th of April 1875, judgment for want of an appearance was entered against Beale for $279.26.   He obtained a rule to open the judgment, which after depositions taken, was made absolute upon the terms that defendant should file the deposition made by himself. He then entered the plea of payment.   Upon Beale's death, before trial, his executors were substituted as defendants.

At the trial, before Junkin, P. J., to rebut the presumption of payment arising from lapse of time, plaintiff offered in evidence the deposition of Beale taken on the rule to show cause why the judgment for want of an appearance should not be opened.

In this deposition Beale testified that he had paid Boggs, the clerk of the Orphans' Court, the sum of $91, on the 8th of December 1840.   A receipt to that effect, for the amount of the recognizance, was entered on the margin of the record.   Beale also testified : "In December 1840, I paid the money in all these recognizances in full ; I have seen William W. Kirk a number of times since December 1840 ; once I met him at the Burnt Cabins ; staid all night with him there, and travelled the next day in company with him a distance of thirty miles to Waterloo ; I saw him repeatedly after that time ; he never mentioned to me at any time that I owed him anything on the Jacobs estate ; I don't owe these people any money whatever ; I have paid them fully all I owe them."

The court charged the jury to the effect that this payment by Beale to Boggs was not a payment to Kirk, and the recognizance in law and in fact still remained due and unpaid, and that the facts as stated by Beale himself were sufficient to rebut the presumption of payment arising from the lapse of time.   The court, therefore, instructed the jury to find for the plaintiff, reserving, however, the question whether they should be permitted to infer payment from Boggs to Kirk.

The verdict was for the plaintiff, and the court subsequently

determined the reserved question also in the plaintiff's favor, and judgment was then entered upon the verdict.

The instruction of the court and this entry of judgment were assigned for error by defendants.

*Ezra D. Parker* and *R. McMeen*, for plaintiffs in error.—A presumption of payment arises from the lapse of time in this case: Diemer *v.* Sechrist, 1 P. & W. 420; and if this presumption is not rebutted by evidence accounting for the delay, it is a question of law for the court: Summerville *v.* Holliday, 1 Watts 507; Sellers *v.* Holman, 8 Harris 321; Foulk *v.* Brown, 2 Watts 214; Reed *v.* Reed, 10 Wright 239. The fact that a debtor has the money to pay a debt, endeavors to transmit it to his creditor, leaves it at a proper place, with a proper person, to be delivered, ought to increase rather than rebut the presumption of payment. The presumption of payment after twenty years is an artificial rule of law, but in this case the transmission of the money by Boggs to Kirk, as a matter of fact, is a reasonable inference and probable conclusion from the evidence.

There was no paper-book nor oral argument for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, June 11th 1877.

The only question in this case is whether the court below was right in denying to the defendants the presumption of payment from lapse of time. There would have been no difficulty in the case but for Beale's own testimony. Judgment having been entered against him in his lifetime by default, he moved the court to open the judgment and was sworn. He said he paid the money on this recognizance in 1840, to Joseph Boggs, the then clerk of the Orphans' Court of Juniata county, in which court the recognizance was taken. This was not payment to Kirk, the guardian, and the court below held that as there was neither proof nor presumption that the money had reached his hands, the presumption of payment was rebutted. That might have been so had there been nothing else in the case. But there were other matters which have a material bearing upon this question. This recognizance was entered into nearly forty years ago. No suit was brought upon it or demand made until 1874, and after the death of William W. Kirk, the guardian. During all that time Joshua Beale, the recognizor, for aught that appears, was solvent. Had he been insolvent, it would have been a strong circumstance to rebut the presumption, and such fact would doubtless have been proved. Then is there no presumption that Boggs paid the money over to Kirk? It certainly was his duty to pay it. Common honesty required it.

[Beale's Ex'rs *v.* Kirk's Adm'r.]

We think there is enough in the case to raise a strong presumption that he performed his duty in this respect. Upon this point there is a portion of Beale's statement that is material. He says : " In December 1840 I paid the money in all these recognizances in full. I have seen William W. Kirk a number of times since 1840. Once I met him at the Burnt Cabins. Staid all night with him there, and travelled the next day in company with him a distance of thirty miles to Waterloo. I saw him repeatedly after that time. He never mentioned money to me at any time, that I owed him anything on the Jacobs estate." If Beale's statement that he paid the money to Boggs is to be used to repel the presumption we must also give him the benefit of his testimony in which he says that although he met Kirk frequently, the latter never made any reference to the money as being still due and unpaid. It seems almost incredible if Kirk had not been paid that he should never have demanded the money from Beale, the more so as he was a guardian and liable to account to his wards. If the money reached Kirk, no matter by whose hands, it was a good payment by Beale. In view of the great lapse of time, the solvency of Beale, which in the absence of evidence to the contrary it is fair to presume, and the fact that no demand was made by Kirk in his lifetime, it is not an unreasonable presumption that the latter received the money. It was therefore error in the learned judge of the court below to deprive the defendants of the benefit of the presumption of payment from lapse of time. There was not sufficient evidence to repel such presumption and he should so have instructed the jury. There is no conflict of evidence here. The facts being established, whether they are sufficient to rebut it, is a question for the court, not the jury. The presumption is one drawn by the law itself from a given state of facts, and whether it exists or not is necessarily for the court : Reed *v.* Reed, 10 Wright 239 ; Delany *v.* Robinson, 2 Whart. 503.

The judgment is reversed, and a *venire de novo* awarded.