## James R. Hummel, Administrator of the estate of Joseph Hummel, deceased, *v.* William E. Lilly.

*Judgment—Revival of judgment—Presumption of payment—Pleading—Evidence.*

After twenty years the law presumes that every debt is paid, no matter how solemn the instrument may be by which such debt is evidenced; and until such presumption is rebutted, it alone is sufficient to defeat a recovery if no promise to pay or no payment on account has been made within twenty years.

On a scire facias to revive a judgment more than twenty years old, an averment in the statement that no part of the interest or principal of the debt had ever been paid does not rebut the presumption of payment; and if the affidavit of defense affirmatively avers the presumption of payment it is not rebutted by an additional averment in the affidavit, made to meet the claim set up against him, that the defendant " has not made a new promise nor paid anything on account of said judgment."

Argued March 9, 1898.   Appeal, No. 5, Jan. T., 1898, by defendant, from order of C. P. Northampton Co., July T., 1897, No. 45, making absolute a rule for judgment for want of a sufficient affidavit of defense.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.   Reversed.

Scire facias to revive judgment.   Before SCHUYLER, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The plaintiff's statement averred that " the said William E. Lilly has paid no part of said principal nor any interest, neither to the said Joseph Hummel in his lifetime, nor to the said administrator, nor to any other person for the said Joseph Hummel or the said administrator."

The defendant filed an amended affidavit of defense, styled an " answer " in the record, in which he averred as follows:

" The judgment which plaintiff seeks to revive, he states, was dated May 31, 1876, and was entered in the court of common pleas of said county, on June 1, 1876, as of No. 474, April term, 1876. There has now elapsed more than twenty years since the date of said alleged judgment and since the aforesaid entry of the judgment. He is advised and believes that there has now arisen legal presumption of payment of said judgment; and defendant avers that he has not made a new promise nor paid anything on account of said judgment."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. C. Loos*, for appellant.—An acknowledgment to remove the bar of the statute must be so distinct and palpable, in its extent and form, as to preclude hesitation about the debtor's meaning : Berghaus v. Calhoun, 6 Watts, 219 ; Magee v. Magee, 10 Watts, 172 ; Harbold v. Kuntz, 16 Pa. 210 ; Wolfensberger v. Young, 47 Pa. 516.

An acknowledgment to remove the bar of the statute must be so full and precise as to enable the court to apply the terms of it exactly as the party intended they should be applied : Suter v. Sheeler, 22 Pa. 308 ; Shitler v. Bremer, 23 Pa. 413.

The presumption of a fact in law which carries a case to the jury necessarily leaves them in possession of the case, and although the evidence to rebut the presumption may be very strong, yet it is a matter for the jury, and not for the court : Penna. R. Co. v. Weiss, 87 Pa. 447 ; Penna. R. Co. v. Miller, 87 Pa. 395 ; Spear v. P., W. & B. R. R., 119 Pa. 61 ; Moore v. Smith, 81 Pa. 184 ; Hess v. Frankenfield, 106 Pa. 440 ; Whelen v. Phillips, 26 W. N. C. 363 ; Walls v. Walls, 170 Pa. 48.

A debt which has been due and unclaimed, and without recognition for twenty years, is, in the absence of explanatory evidence, to be presumed to have been paid. The burden of proof is on the creditor to show that the payment of such debt has not been made : Bentley's App., 99 Pa. 500 ; Lash v. Von Neida, 109 Pa. 207 ; Hart v. Bucher, 182 Pa. 604; Hayes's App., 113 Pa. 386.

*George W. Geiser*, for appellee.—The presumption from lapse

of time is not that there is no contract existing between the parties. It is only an inference that the debtor has made payment. Hence it is rebutted by simple proof that payment has not been made: Delany v. Robinson, 2 Whart. 503; Reed v. Reed, 46 Pa. 239; Beale v. Kirk, 84 Pa. 415.

Admissions made in pleadings will bind the party in the suit in which they are filed: Neely v. Blair, 144 Pa. 250; R. R. v. Galbraith, 109 Pa. 32.

Upon a rule for judgment for want of a sufficient affidavit of defense, the statements are to be taken as absolutely true: Bryson v. Trustees Soldiers' Home, 168 Pa. 352; Third Refd. Dutch Church v. Jones, 132 Pa. 462; Bowen v. DeLattre, 6 Whart. 429.

OPINION BY MR. JUSTICE GREEN, November 14, 1898:

The plaintiff, on June 24, 1897, issued a scire facias to revive and continue the lien of a judgment entered June 1, 1876. More than twenty years having elapsed from the entry of the judgment, the debt was paid by presumption of law at the time the sci. fa. was issued. In the plaintiff's statement no fact or circumstance was averred as explanatory of the long delay in demanding payment, and no new undertaking, and no other act or declaration of the defendant was alleged of such a character that it would amount to a recognition of the debt, such as a payment of either interest or principal on account of the debt. It is true that the statement averred that no part of the interest or principal of the debt had ever been paid, but that averment would not suffice to create an obligation on the part of the defendant to pay the debt after twenty years had elapsed. Otherwise there would be no use of a presumption of payment resulting from lapse of time. Yet we have held many times over that after twenty years a legal presumption of payment arises which it is the duty of the plaintiff to rebut by affirmative proof. In Peters's Appeal, 106 Pa. 340, we said, " After a lapse of twenty years mortgages, judgments and all evidences of debt are presumed to be paid: Foulk v. Brown, 2 Watts, 209; and a recognizance in the orphans' court: Beale v. Kirk, 84 Pa. 415; and in less than twenty years, with circumstances, payment may be presumed: Hughes v. Hughes, 54 Pa. 240; Briggs's Appeal, 93 Pa. 485. After twenty years the law presumes that every

debt is paid, no matter how solemn the instrument may be by which such debt is evidenced. And such presumption stands until rebutted." In Hess v. Frankenfield, 106 Pa. 440, the proceeding was, as in this case, a scire facias on a judgment to revive and continue the lien. The judgment had remained unpaid for nineteen years when the scire facias was issued. We held that a period of nineteen years, accompanied with proof of circumstances tending to show payment, was sufficient to raise the presumption of payment, and that the question of payment was for the jury. We said, "The question of payment is a question of fact and, therefore, its proper determination is within the province of the jury. In a given case, if there are no circumstances tending to aid the presumption of payment, and the presumption does not arise for want of the necessary time, it would be the duty of the court to so instruct the jury and withdraw it from their consideration. But in this case, it seems to us, there were circumstances, some of them of a highly persuasive character which tended to support the presumption, and therefore it became the duty of the court to submit the whole of them, including the lapse of time, to the determination of the jury." In Diamond v. Tobias, 12 Pa. 312, we said, "The rule is well established that where the period is short of twenty years, the presumption of payment must be aided by other circumstances besides the mere lapse of time. But exactly what these circumstances may be never has been, and never will be, defined by the law. There must be some circumstances, and where there are any it is safe to leave them to the jury."

In the case at bar the learned court below held that because the defendant had said in his answer that, "he has not made a new promise nor paid anything on account of said judgment," the presumption of payment was rebutted, and the plaintiff was entitled to judgment for the whole amount of his claim. It is manifest that the statement of the defendant was made to meet the claim that was set up against him. It was, on the face of the statement, a claim more than twenty years old, and the defense of presumption of payment from lapse of time was alleged in the immediately preceding sentence, and then to rebut any inference of a recognition of the debt and a liability resulting therefrom the defendant added an averment that, "he has not made a new promise nor paid any money on account of

said judgment." This was plainly for the purpose of setting up a defense adapted to the peculiar character of the claim. The legal presumption of payment was averred and then the allegation that he had neither made a new promise nor paid anything on account of the debt. If he had made no new promise, and had made no payment on account of the debt, those were facts which relieved him from any imputation of having recognized or acknowledged the debt, and if that state of facts appeared on the trial there could be no recovery. But there are very many methods of payment other than by the direct one of paying money to the creditor. Independent transactions, release, any of the numerous methods of accord and satisfaction, set-off, voluntary surrender of the liability, gift, fraud, duress and many other matters may constitute a discharge of the obligation, and of course all or any of these would be available by way of defense, and would not be precluded even if no money had been paid on account. But the legal presumption arising from lapse of time is alone sufficient to defeat a recovery if no promise to pay or no payment on account had been made within twenty years. And where this much is developed in the affidavit of defense it is enough to carry the case to the jury. It does not by any means follow that if there has been no payment on account made within that time, that the plaintiff is for that reason alone entitled to a final judgment in his favor for the whole amount of his claim. The extraordinary laches exhibited by a delay of twenty years, during which no demand has been made for either any of the principal or any of the interest of a money obligation, can only be accounted for, where there is no explanation of the delay, on the theory that the obligee has received satisfaction for his debt in some way, or that there is some good legal or equitable reason why he should not recover. It would not be right to exclude the defendant from all opportunity to set up any of the numerous defenses which may be made against the plaintiff's claim when they are not rebutted by anything contained in his affidavit of defense. We are therefore of opinion that it was error to enter an absolute judgment for the whole amount of this very stale and questionable claim, simply because the defendant says he never paid anything on account of it. Such an assertion in an affidavit of defense, instead of being consist-

ent with the idea that he owes the whole of the debt, is only consistent with the idea that he does not owe any of it. In Reed v. Reed, 46 Pa. 239, STRONG, J., delivering the opinion said, " Within twenty years the law presumes the debt has remained unpaid, and throws the burden of proving payment upon the debtor. After twenty years the creditor is bound to show by something more than his bond that the debt has not been paid, and this he may do because the presumption raises only a prima facie case against him."

We are of opinion that the statement made in the affidavit of defense is to be regarded as the negation of any obligation arising from a payment on account, and not as a declaration that the whole amount of the bond was due because it had not been paid, and therefore the case should go to a jury, where all the facts can be heard and the cause intelligently decided on its merits.

Judgment reversed and procedendo awarded.