# Woodward *v.* Carson, Appellant.

*Judgment—Opening judgment—Discretion of court.*

While the opening of a judgment is an appeal to the discretion of the court the appellate court will not review except where the judgment below is a deduction from facts and the result of reasoning upon the same.

*Judgment—Presumption of payment—Evidence—Opening judgment.*

Although a legal presumption of payment of a judgment does not arise short of twenty years, yet a less period with persuasive circumstances tending to support it may be submitted to the jury as ground for a presumption of fact.

On a rule to open a judgment, it appeared that the note upon which judgment was entered was held for nearly twenty years before entry of judgment, and that after the entry no execution was issued for nearly thirteen years and that defendant's financial condition made the note collectible. It also appeared that the judgment note was collateral to another note, about which the evidence showed a controversy as to whether anything was due upon it. *Held*, that the rule to open judgment should be made absolute.

Argued Jan. 8, 1904. Appeal, No. 177, Jan. T., 1903, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1890, No. 504, discharging rule to open judgment in case of Byron Woodward v. George W. Carson. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Rule to open judgment.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order discharging rule to open judgment.

*Joseph H. Shoemaker*, for appellant.—The judgment should be opened because it is presumed to be paid: Hess v. Frankenfield, 106 Pa. 440; King v. Coulter, 2 Grant, 77; Hummel v. Lilly, 188 Pa. 463; Miller v. Overseers of the Poor of the City of Williamsport, 17 Pa. Superior Ct. 159; Sellers v. Holman, 20 Pa. 321; Briggs's App., 93 Pa. 485; Hughes v. Hughes, 54 Pa. 240; Foulk v. Brown, 2 Watts, 209; Beale v. Kirk, 84 Pa. 415; Henderson v. Lewis, 9 S. & R. 379.

*Edwin O. Michener*, for appellee.—All the facts in the case rebut any presumption of payment of the judgment, because it appears that Woodward was prosecuting his claim against Carson vigorously during a large part of the time from 1874 to 1880 or 1881; that even if the debt for which this note was given as collateral is presumed to be paid, no such presumption arises in favor of the collateral security: Hartranft's Estate, 153 Pa. 530; Caven v. Harsh, 186 Pa. 132.

OPINION BY MR. JUSTICE THOMPSON, February 15, 1904:

The judgment in this case was entered against appellant upon a judgment note executed by appellant and his father, dated June 16, 1871. The judgment was entered on October 25, 1890, at which date the father of appellant was dead. Subsequently on April 6, 1903, an execution was issued and April 23 following the appellant took a rule to show cause why the judgment should not be stricken off, why it should not be opened to let appellant into a defense and why it should not be opened to the extent of interest from the date of the note. After depositions had been taken this rule was discharged and this appeal was taken from the decree refusing to open judgment. While the opening of a judgment is an appeal to the discretion of the court, this court will not review except where the judgment below is a deduction from facts and the result of reasoning upon the same. It is said in Babcock v. Day, 104 Pa. 4, by Mr. Justice CLARK, " When, however, the judgment of the court is based upon a deduction from other facts, the conclusion, being the result of reasoning, is subject to revision and correction, if erroneous: Hindman's Appeal, 85 Pa. 466; Milligan's Appeal, 97 Pa. 525."

In the present case the note was made by the appellant and

his father and at the time of the entry of the judgment the father was dead, but notwithstanding his death the appellee had full warrant for entering his judgment: Croasdell v. Tallant, 83 Pa. 193. The evidence taken by depositions shows that from the date of the note until the entry of the judgment nearly twenty years and from this date before any execution was issued about thirteen years had elapsed. That during this time the appellant was engaged in the real estate business and that he was able to meet all financial demands upon him. That from time to time properties were conveyed to him and the titles placed in his name and he had no knowledge of the claim made against him on account of the note in question. The reason given by appellee for doing nothing he testifies was that he was not aware that he could collect the amount of the note. Appellant testified that his father and appellee had mutual dealings and that as the result of a dispute his father filed a bill in equity in 1872, against appellee for an accounting. The bill was evidently prepared by his counsel W. W. Juvenal, Esq. On cross-examination he testified that the facts set forth in the bill were obtained from his father and that complainant averred in his bill that he did not owe appellee anything. In response to the question of whether or not he had any distinct recollection of any of the averments contained in the bill in equity he replied that he had one of his father's saying that he did not owe appellee the money and that if things were fixed up, adjusted and adjudicated the appellee would find that he owed him, the father, money. The docket entries show a bill filed October 15, 1872, and a series of entries finally resulting in that of April 6, 1874, to wit: "Service vacated." The bill was not on file and had disappeared. The printed copy of the bill attached to depositions, it was agreed, was found among the papers of Mr. Juvenal who was complainant's counsel. The bill avers certain loans and transactions between John Carson and the complainant between February 12, 1870, and 1871. That on July 22, 1871, John Carson gave appellee a judgment note for $7,574, and after making certain other averments avers that the note was obtained by false and fraudulent representations made by the appellee and that upon settlement of the account between John Carson and the appellee, he, the appellee, will be found in John Carson's debt and

prays for an accounting. It is a matter of conjecture why the complainant in this equity suit did not press it aggressively. The note upon which the present judgment was entered has the following indorsement by appellee: "This note is collateral to the one this day given to me by John Carson for $7,574." . The appellee did not remember what the items were which comprised this note. He testified that he issued an attachment on the note on September 25, 1872, and succeeded in recovering in such attachment upwards of $8,000. He however, testified that there is a balance due of $3,000 but that he kept no book accounts. The explanation of the non-prosecution of the proceedings in equity may be that in view of the attachment there was an understanding that as appellee was likely to secure a verdict and judgment for the amount of the note that the bill was not pressed and that all matters were to be considered as settled by such recovery. This however is but surmise. Appellant's evidence shows the note was held for nearly twenty years before judgment was entered and that after judgment no execution was issued for nearly thirteen years and that appellant's financial condition made the note collectible. Such laches it is difficult to understand, especially on the part of a member of the legal profession, assuredly most likely to collect money if collection be possible. The note was collateral to the note for $7,574, about which the evidence shows a controversy as to whether anything was due upon it and as a result the bill in equity seems to have been filed for the purpose of establishing that fact.

As the entire period of twenty years had not expired at the date of the entry of the judgment the presumption of payment does not arise, but a presumption of payment may arise from a lapse of a long period of time with other circumstances.

In Moore v. Smith, 81 Pa. 182, Mr. Justice SHARSWOOD says: "A legal presumption of payment does not indeed arise short of twenty years yet it had been often held that a less period with persuasive circumstances tending to support it may be submitted to the jury as ground for a presumption of fact." "When less than twenty years had intervened," says Chief Justice GIBSON, "no legal presumption arises, and the case not being within the rule is determined on all the circumstances; among which the actual lapse of time, as it is a greater or less

extent, will have a greater or less operation: " Henderson .v. Lewis, 9 S. & R. 379. In Ross v. McJunkin, 14 S. & R. 364, fourteen years was treated as having this effect. In Diamond v. Tobias, 12 Pa. 312, a time short of twenty years was allowed with circumstances, Mr. Justice COULTER remarking, " But exactly what these circumstances may be, never has been and never will be defined by the law; there must be some circumstances, and when there are any it is safe to leave them to the jury." In Webb v. Dean, 21 Pa. 29, the period fell short of sixteen years ; in Hughes v. Hughes, 54 Pa. 240, of nineteen years."

In Hess v. Frankenfield, 106 Pa. 440, Mr. Justice GREEN says : " The same doctrine was stated in Hughes v. Hughes, 54 Pa. 240, and THOMPSON, J., added to the statement—" slight circumstances may be given in evidence for that purpose in proportion as the presumption strengthens by lapse of time." In Diamond v. Tobias, 12 Pa. 312, COULTER, J., says : " The rule is well established that where the period is short of twenty years the presumption of payment must be aided by other circumstances beside the mere lapse of time. But exactly what these circumstances may be, never has been and never will be defined by the law. There must be some circumstances ; and where there are any, it is safe to leave them to the jury." In Briggs's Appeal, 93 Pa. on page 488, Mr. Justice STERRETT says : " While the general rule undoubtedly is that the presumption does not arise until twenty years have elapsed, it is well settled that a shorter period than that, aided by circumstances which contribute to strengthen such presumption, may furnish sufficient grounds for inferring the fact of payment."

In the present case, in view of the lapse of time and all the circumstances the appellant was entitled to have a jury determine the question of payment and the learned court below should have opened the judgment for the purpose of letting the appellant into a defense.

The assignment of error is sustained and the record remitted with directions to make the rule absolute.