## Schoonover's Estate.

*Vendor and vendee—Payment of purchase money—Receipt—Evidence.*

1. A written agreement dated November 1, 1893, for the sale of real estate provided that the purchase money, $1,000 should be paid, $100 in one year from date of the agreement and $100 each and every year thereafter until the full amount was paid. It was provided that if there should be a default, the whole unpaid balance should become

due, and the vendor might enter judgment for the same under a warrant of attorney contained in the agreement. Indorsed on the agreement were two receipts, one for the payment of $100 on November 1, 1893, and the second dated November 4, 1893, for $200 "it being the last two payments on the within agreement." Both receipts were signed by the vendor, who died in 1906; the vendee died in 1907. *Held*, that the court below was not in error in finding that the purchase money had been paid.

2. In such a case whether all the purchase money had been paid was a question of fact to be determined by the court below under all the evidence presented in view of the relations of the parties to each other and of the property involved.

3. A legal presumption of payment does not arise short of twenty years; but a less period in connection with persuasive circumstances may be considered by a jury or by a judge sitting as a chancellor as ground for presumption of fact of payment.

Argued Oct. 28, 1909. Appeal, No. 34, Oct. T., 1909, by Walter C. Stephens, Executor of O. L. Schoonover, deceased, from decree of O. C. Clearfield Co., No. 4,751, awarding specific performance in Estate of O. L. Schoonover, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for specific performance. Before A. O. SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding specific performance.

*Singleton Bell*, with him *Americus H. Woodward* and *Howard B. Hartswick*, for appellant, cited: Phila. v. River Front R. R. Co., 133 Pa. 134; Sennett v. Johnson, 9 Pa. 335; Mut. Fire Ins. Co. v. Shoe Factory, 80 Pa. 407; Shrewsbury Savings Institution's App., 94 Pa. 309; Redman's App., 173 Pa. 59.

*John B. McGrath* and *A. M. Liveright*, for appellee, cited: Diamond v. Tobias, 12 Pa. 312; Webb v. Dean,

21 Pa. 29; Ross v. McJunkin, 14 S. & R. 364; Tilghman v. Fisher, 9 Watts, 441; Hughes v. Hughes, 54 Pa. 240.

OPINION BY PORTER, J., October 10, 1910:

Mary J. Flegal, the appellee, presented her petition to the court below praying for the specific performance of a written contract for the sale of land entered into, on November 1, 1893, between Orin L. Schoonover, the decedent, and M. F. Flegal, also deceased. Schoonover died on September 4, 1906, and M. F. Flegal in May, 1907. The interest of M. F. Flegal, in the land, had by sundry conveyances from his heirs become vested in Mary J. Flegal, the petitioner. The execution of the written agreement was duly proved and the description of the land therein contained was full and accurate. It was an admitted fact that possession of the land was delivered by Schoonover to M. F. Flegal on November 3, 1893, that the latter had continued in possession of the property until his death in May, 1907, and that possession since that time had been in the heirs of Flegal and in this petitioner who acquired their title. The only question upon which there was any dispute was as to whether all the purchase money had been paid. The court below after hearing found that the purchase money had all been paid and decreed the specific performance of the contract. Walter C. Stephens, executor of O. L. Schoonover, deceased, appeals from that decree.

The written agreement of November 1, 1893, required Flegal to pay, as purchase money: "One thousand dollars with interest semi-annually at six per cent annum; one hundred dollars in one year from this date and one hundred dollars each and every year until the amount of one thousand dollars is paid with interest from this date, interest to be paid on the first day of May and November of each year, and upon payment of the said sum the said party of the first part, at his own expense, execute and deliver to the party of the second part a good and sufficient deed." The agreement also provided that in

case of default of payment of any sum of principal or interest agreed to be paid, for the space of thirty days after the same became due and payable, then the whole of said principal sum should become due, and contained a warrant of attorney authorizing the entry of a judgment for the entire amount, with the usual waivers; and also expressly gave the vendor, Schoonover, at his option, the right to proceed by ejectment and contained a warrant of attorney authorizing the entry of a judgment against Flegal in such action of ejectment, for the land in question, upon any default in payment. There were indorsed upon this agreement two receipts, admittedly in the handwriting of Schoonover, as follows:

"Received November 1st, 1893 of M. F. Flegal, one hundred ($100) dollars, the first payment on the within agreement.

"O. L. SCHOONOVER."

"Received November 4th, 1893 of M. F. Flegal, the sum of two hundred ($200) dollars, it being the last two payments on the within agreement.

"O. L. SCHOONOVER."

These receipts constitute the only written evidence of the course of dealing of these parties with regard to the purchase money, after they had entered into their written agreement for the sale and purchase of this land. These receipts conclusively establish that the parties, immediately after the agreement was executed, departed from the terms of the agreement as to the time when the purchase money should be paid. The payment which, according to the terms of the written agreement, would not have become due until November 1, 1894, was paid the same day that the agreement was executed, and three days later the sum of $200 was paid and, in the receipt, Schoonover declared that this was "the last two payments on the within agreement." Thus the matter rested for almost fifteen years when, on June 9, 1908, the appellee presented her petition averring that the pur-

chase money had all been paid and praying for the specific performance of the contract. Schoonover, under the stringent terms of the written agreement, had it in his power for over eleven years to enter judgment by confession against Flegal for any part of the purchase money that remained unpaid or, at his option, to enter a summary judgment of ejectment and take possession of the land, if Flegal had failed to make the payments when due. He took no such steps, never made any demand of payment, and, so far as disclosed by the evidence in this case, never asserted that any balance of purchase money remained unpaid. Flegal remained in possession of the land and his right to do so was never questioned. The receipt dated November 4, 1893, is the writing of Schoonover, and if it is ambiguous, it must be given that reasonable construction which is unfavorable to him, in the absence of other evidence upon the subject. That receipt plainly states that "the last two payments on the within agreement" have been paid; and says nothing about any installments which remained unpaid. The subsequent conduct of the parties, during the period of thirteen years which elapsed before the death of Schoonover was in entire harmony with the conclusion that all the purchase money had been paid. Whether all the purchase money had been paid was a question of fact, to be determined by the court below under all the evidence presented, in view of the relations of the parties to each other and the property involved. That no presumption of law arose that the purchase money had been paid is true, for the period of twenty years had not elapsed from the time it became due. A shorter period than twenty years aided by circumstances which contribute to strengthen the presumption of payment from lapse of time may, however, afford a sufficient foundation for the presumption of the fact of payment. In other words, a legal presumption of payment does not arise short of twenty years; but a less period in connection with persuasive circumstances may be submitted to the jury as ground for presumption

of fact: Diamond v. Tobias, 12 Pa. 312; Tilghman v. Fisher, 9 Watts, 441; Ross v. McJunkin, 14 S. & R. 364; Webb v. Dean, 21 Pa. 29; Hughes v. Hughes, 54 Pa. 240; Hummel v. Lilly, 188 Pa. 463. Had this case involved a trial by jury the court would have been required to submit to the jury the question whether, as a matter of fact, the purchase money had been paid. The question having been presented as it was, the judge below sitting as a chancellor was required to pass upon this question of fact. The court below after considering the evidence presented arrived at the conclusion that the purchase money had been paid, and we do not feel warranted in holding that that conclusion was so clearly erroneous as to warrant a reversal.

The decree of the court below is affirmed and the appeal dismissed at the cost of appellant.