## Ott, Appellant, *v.* Ott.

Argued March 28, 1933.

*Philip N. Shettig,* with him *Arthur A. Nelson,* for appellant.

*Alvin Sherbine,* for appellee.

PER CURIAM, April 17, 1933:

David Ott entered judgment against his brother, Daniel Ott, in the amount of $6,851, October 4, 1895. On March 28, 1928, a scire facias to revive and continue lien issued, upon which judgment was entered March

10, 1930, for $5,904.26. On August 4, 1930, defendant presented a petition to open the judgment alleging the indebtedness had been paid in full, and by amendment averring he was a resident of Somerset County and had not been aware that a judgment had been entered against him, and that the scire facias to revive was issued more than twenty-one years after the original entry. The rule to open was subsequently made absolute and an issue framed between the parties. At the trial plaintiff testified that the debt existing in 1895 between the brothers had never been completely satisfied and that the judgment entered in 1930 represented the balance due December 1, 1899, together with interest from that date. Defendant asserted the debt had been paid in full and further relied upon the presumption of payment by lapse of time. The jury rendered a verdict for defendant. Plaintiff now appeals from the refusal of his motion for judgment non obstante veredicto.

All the material facts at issue between the parties were submitted to the jury in a charge of which no complaint is made and their verdict is conclusive. Appellant contends that defendant's evidence was such as to warrant binding instructions for plaintiff. This argument incorrectly assumes that in testifying to payment of the indebtedness defendant abandoned the presumption of payment existing in his favor by virtue of the lapse of more than twenty years since the entry of the original judgment. In Hummel v. Lilly, 188 Pa. 463, 467, we said: "But the legal presumption arising from lapse of time is alone sufficient to defeat a recovery if no promise to pay or no payment on account had been made within twenty years. And where this much is developed in the affidavit of defense it is enough to carry the case to the jury...... It would not be right to exclude the defendant from all opportunity to set up any of the numerous defenses which may be made against the plaintiff's claim when they are not rebutted by anything contained in his affidavit of defense." Moreover, disregard-

132

ing the presumption altogether, upon examination of the record, we cannot say the jury's verdict was not justified, but on the contrary are of the opinion their finding was entirely warranted by the evidence. The case was for the jury and was properly presented to them.

The judgment is affirmed.